## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division

In re:

PETER SAMUEL ROSEN,

      Debtor.

_____/

Case No. 20-15249-SMG

Chapter 13

### BBX CAPITAL ASSET MANAGEMENT, LLC'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011[1]

Creditor, BBX CAPITAL ASSET MANAGEMENT, LLC ("BBX"), by and through undersigned counsel and pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves this Court for an Order issuing sanctions against Debtor, PETER SAMUEL ROSEN ("Debtor"), and Debtor's counsel, Chad Van Horn ("Debtor's Counsel"), for the filing of Debtor's voluntary petition for bankruptcy relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"), which Debtor and Debtor's Counsel knew, or reasonably should have known, at the time of filing lacked evidentiary and legal support. In support thereof, BBX states as follows:

### FACTUAL AND PROCEDURAL PREDICATE

1. On May 13, 2020 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code [ECF No. 1] (the "Chapter 13 Petition"), which Petition has been assigned to this Court.

---

[1] Typically, a motion for sanctions "may not be filed with or presented to the court unless, within 21 days after service of the motion …, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected" – i.e., a "safe harbor" requirement. *See* Fed. R. Bankr. P. 9011(c)(1)(A). If, however, "the offending paperwork is a bankruptcy petition," the safe harbor requirement does not apply. *In re Chan*, 556 B.R. 61, 64 (Bankr. E.D.N.Y. 2016); *see also* Fed. R. Bankr. P. 9011(c)(1)(A) ("… except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)."). Notwithstanding this, and as a matter of courtesy, undersigned counsel served a copy of the instant proposed Motion on Debtor's Counsel on May 15, 2020.

2.      On July 3, 2013, BBX filed a complaint in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "State Court") seeking damages against Debtor and others, which action was assigned Case No. CACE-13-016408 (the "State Court Action").

3.      On February 3, 2020, BBX obtained a judgment against Debtor in the State Court Action in the amount of $4,209,073.00 (the "BBX Judgment"). A copy of the BBX Judgment is attached as **Exhibit 1**.

4.      On March 4, 2020, Debtor filed an appeal of the BBX Judgment (the "Appeal").

5.      In addition to the BBX Judgment, undersigned counsel has located additional judgments against Debtor recorded in Official Records of Leon County, Florida, the total amount of which judgments exceed $2.7 million.  No satisfactions or releases have been recorded for these judgments.  These judgment include:

(a)      a Consent Final Judgment in favor of Wakulla Bank, dated March 2, 2010, in Leon County Circuit Court, Case No. 2010-CA-0197, for  $219,839.47, **see Exhibit 2**;

(b)      a Final Deficiency Judgment in favor of First Capital Bank, dated October 18, 2010, in Leon County Circuit Court, Case No. 2010-CA-18, for $49,770.46, **see Exhibit 3**;

(c)      a Consent Final Judgment of Deficiency in favor of Regions Bank, dated November 22, 2010, in the United States District Court, Northern District of Florida, Case No. 4:10-cv-109, for $200,000.00, **see Exhibit 4**;

(d)      a Summary Final Judgment of Foreclosure and Summary Final Judgment (for money damages)  in favor of Regions Bank, dated March 25, 2011, in Leon County Circuit Court, Case No. 2010-CA-001874 for $146,585.05, **see Exhibit 5**;

(e)      a Final Deficiency Judgment in favor of Hancock Bank, dated May 16, 2012, in Leon County Circuit Court, Case No. 2010-CA-2787 for $370,294.82, **see Exhibit 6**;

(f)     a Final Deficiency Judgment in favor of Hancock Bank, dated May 17, 2012, in Leon County Circuit Court, Case No. 2010-CA-3878 for $47,968.47, **see Exhibit 7**;

(g)     a Stipulated Judgment of Deficiency in favor of Hancock Bank, dated September 10, 2014, in Leon County Circuit Court, Case No. 2011-CA-3421 for $100,000.00, **see Exhibit 8**;

(h)     a Final Deficiency Judgment in favor of Centennial Bank, dated July 12, 2013, in Leon County Circuit Court, Case No. 2012-CA-000955, for $375,973.59, **see Exhibit 9**;

(i)     a Final Judgment in favor Fannie Mae, dated December 6, 2013, in Leon County Circuit Court, Case No. 2010-CA-1868, for $675,000.00, **see Exhibit 10**;

(j)     a Final Judgment After Default in favor of First American Title Insurance Company, dated January 15, 2016, in Leon County Circuit Court Case No. 2015-CA-002530, for $259,047.38, **see Exhibit 11**;

(k)     a Final Judgment of Deficiency in favor Branch Banking and Trust Company, dated Nov. 25, 2015, in Leon County Circuit Court Case No. 2014-CA-000639, for $180,142.93, **see Exhibit 12**;

(l)     a Final Deficiency Judgment for Damages in favor SE Property Holdings, LLC, dated March 21, 2017, in Leon County Circuit Court Case No. 2014-CA-001741, for $71,920.77, **see Exhibit 13**.

(the "Additional Judgments").

6.      On May 13, 2020 (i.e., the Petition Date), Debtor was scheduled to appear in the State Court Action at 8:45 a.m. for a hearing on BBX's *Second Motion to Compel and for Sanctions* related to Debtor's failure to respond to discovery in aid of execution of the BBX Judgment, as well as a hearing on BBX's *Motion for a Charging Order* (the "Post Judgment Motions").

7.      Additionally, on May 13, 2020, Debtor was scheduled to appear and have his deposition taken in aid of execution of the BBX Judgment (the "Deposition in Aid of Execution").

8.      Neither the Post Judgment Motions nor the Deposition in Aid of Execution were

held as a result of Debtor's filing of his Chapter 13 Petition.

## RELIEF REQUESTED AND MEMORANDUM OF LAW

**I.      RULE 9011 STANDARD.**

Bankruptcy Rule 9011(b) provides that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney … is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

> (1)      **it is not being presented for any improper purpose**, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2)      **the claims, defenses, and other legal contentions therein are warranted by existing law** or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3)      the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonably opportunity for further investigation or discovery; and

> (4)      the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b) (Emphasis added).  Thus, "[i]n filing a pleading in a federal court, an

attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-

grounded in fact, legally tenable, and 'is not presented for any improper purpose.'" *Baker v.*

*Alderman,* 158 F.3d 516, 524 (11th Cir. 1998).  Thus, "[s]anctions under Bankruptcy Rule 9011

are warranted when (1) the papers are frivolous, legally unreasonable or without factual

foundation, or (2) the pleading is filed in bad faith or for an improper purpose." *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995); *see also In re Fazzary*, 530 B.R. 903, 904 (Bankr. M.D.Fla. 2015) (holding that sanctions under Rule 9011 may be warranted "if a bankruptcy case was filed in bad faith or for an improper purpose."). The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time' the pleading was submitted." *Baker,* 158 F.3d at 524.

In applying the objective standard to determine whether papers are frivolous or legally unreasonable, courts undertake a two-step analysis: "whether the party's claims are objectively frivolous in view of the facts or law and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *In re Evergreen Sec., Ltd.*, 384 B.R. 882, 931 (Bankr. M.D. Fla. 2008) (Internal citations omitted); *see also Baker,* 158 F.3d at 524. What constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer and whether he had to rely on a client for information as to the underlying facts, whether the pleading, motion, or other paper was based on a plausible view of the law, or whether he depended on forwarding counsel or another member of the bar. *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).

Similarly, in determining whether a bankruptcy petition was filed in bad faith or for an improper purpose, "courts generally consider the totality of the circumstances surrounding the filing." *In re Fazzary*, 530 B.R. at 906; *see also In re Farber*, 355 B.R. 362, 366-67 (Bankr. S.D. Fla. 2006). Where a reasonable person would not have taken the same actions that Debtor or Debtor's Counsel took, a court may find a violation of the "bad faith/improper purpose" prong of Rule 9011. *In re Graffy*, 233 B.R. 894, 896 (Bankr. M.D. Fla. 1999). "Case law clearly

establishes that imposition of sanctions is appropriate when a bankruptcy petition is not filed for

legitimate, rehabilitative purposes, and the sole purpose for the filing is to delay [a creditor's

efforts]." *In re Johnson*, No. 07-33312-KRH, 2008 WL 183342, at * 7 (Bankr. E.D.Va. Jan. 18,

2008) (relying on *In re Grigsby*, 233 B.R. 558 (Bankr. S.D. Fla. 1999)).

  If the Court determines that subdivision (b) has been violated, the Court may impose an

appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b)

or are responsible for the violation.  *See* Fed. R. Bankr. P. 9011(c); *see also In re Ktona*, 329

B.R. 105, 108 (Bankr. M.D. Fla. 2005) (imposing sanctions against debtor and his attorney for

filing the bankruptcy petition in the wrong district, and for the delayed effect that such filing

would have upon the pending litigation against the debtor); *In re Evergreen*, 384 B.R. at 930

("An attorney may be sanctioned pursuant to Rule 9011 even though the attorney did not sign the

paper but orchestrated its filing.").

## II. RULE 9011 SANCTIONS ARE APPROPRIATE BECAUSE THE FILING OF DEBTOR'S BANKRUPTCY PETITION WAS LEGALLY UNTENABLE.

  Pursuant to Section 109(e) of the Bankruptcy Code, "[o]nly an individual with regular

income that owes, **on the date of filing of the petition, noncontingent, liquidated, unsecured**

**debts of less than $419,275** and noncontingent, liquidated secured debts of less than

$1,256,850." 11 U.S.C. § 109(e) (Emphasis added).  By virtue of the BBX Judgment alone (not

to mention the Additional Judgments), Debtor is not an eligible Chapter 13 Debtor, and the fact

of the Appeal does not change this.  Indeed, the BBX Judgment "clearly represents a liability

which is fixed and which is noncontingent and remains a final and enforceable judgment until it

is reversed, if ever, upon appeal."  *In re Cluett*, 90 B.R. 505, 507 (Bankr. M.D. Fla. 1988); *see*

*also In re Vidal*, No. 04-1195BKC-RAM, 2004 WL 2656893, at * 1 (Bankr. S.D. Fla. Oct. 13,

2004) ("Most, if not all courts, considering this issue have concluded that an otherwise final

judgment for an amount certain, is not rendered as "contingent" or "unliquidated" merely because an appeal has been filed and is prosecuted during the Chapter 13 case.").

Upon a reasonable inquiry, Debtor and/or Debtor's Counsel knew or should have known about the existence of the BBX Judgment and Additional Judgments, and that such judgments disqualified Debtor from being eligible as a Chapter 13 debtor by the plain letter of the Bankruptcy Code.  Indeed, the BBX Judgment had only recently been entered and Debtor was scheduled to appear at hearings and a deposition related to same on the same morning that the Chapter 13 Petition was filed.  Instead, Debtor and Debtor's Counsel chose to proceed with filing the Chapter 13 Petition in disregard of the Bankruptcy Code.

### III.    RULE 9011 SANCTIONS ARE FURTHER APPROPRIATE BECAUSE DEBTOR'S BANKRUPTCY PETITION WAS FILED IN BAD FAITH.

As stated above, "[f]iling a bankruptcy petition in bad faith may constitute conduct that is sanctionable under Rule 9011." *In re Fazzary*, 530 B.R. at 906; *see also* 11 U.S.C. 1325(a)(7) (requiring that, to confirm a plan, a petition must have been filed in good faith).  In determining whether a debtor filed his petition in good faith, courts look to the totality of circumstances and consider a set of non-exclusive factors.  *In re Farber*, 355 B.R. at 366-67; *see also In re Kitchens*, 702 F.2d 885, 888-89 (11th Cir. 1983) (setting forth the non-exclusive list of factors). Particularly significant, though, are the "motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13." *In re Farber*, 355 B.R. at 368.

Here, the circumstances indicate that Debtor's filing of the Chapter 13 Petition was made in bad faith and in an attempt to thwart BBX's post-judgment collection efforts. Notwithstanding the fact that Debtor was and is ineligible to be a debtor under Chapter 13 of the Bankruptcy Code (as stated above), Debtor filed his Chapter 13 Petition *on the same morning* that Debtor was to appear before the State Court for a hearing on BBX's *Second Motion to*

*Compel and for Sanctions* (related to Debtor's failure to respond to discovery in aid of execution of the BBX Judgment) and BBX's *Motion for a Charging Order* (both scheduled to be heard at 8:45 a.m.), and then sit for a deposition in aid of execution of the BBX Judgment (to begin at 10:00 a.m.). Clearly, Debtor's Chapter 13 Petition is nothing more than an effort to avoid having to answer to the State Court for his failure to respond to post-judgment discovery, and to avoid responding to post-judgment discovery at all.

## CONCLUSION

Rule 9011 is "intended to deter claims with *no* factual or legal basis at all …." *In re Evergreen*, 384 B.R. at 931 (Italics in original) (Quoting *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990)). As a result, sanctions are appropriate "where the presenter has 'ignored the plain language of the applicable statute.'" *Id.* Here, Debtor and Debtor's Counsel have ignored the plain language of the Bankruptcy Code, limiting Chapter 13 to only those debtors who owe, on the date of filing of the petition, noncontingent, liquidated, unsecured debts of less than $419,275, by filing the Chapter 13 Petition despite the BBX Judgment entered against Debtor in the amount of $4,209,073.00, in addition to the Additional Judgments in excess of $2.7 million. Because of Debtor's ineligibility under Chapter 13, Debtor's filing was improper and in bad faith, where the clear purpose of the filing was to avoid appearing before the State Court on the Post Judgment Motions and for a deposition in aid of execution of the BBX Judgment. Sanctions under Bankruptcy Rule 9011 are therefore appropriate.

WHEREFORE, Creditor, BBX CAPITAL ASSET MANAGEMENT, LLC, respectfully requests that this Court enter an order (1) granting the relief requested herein; (2) imposing sanctions against Debtor and Debtor's counsel; and (3) granting such further and other relief as this Court deems just and proper.

Dated this 27th Day of May, 2020.

**TRIPP SCOTT, P.A.**
*Counsel for BBX Capital Asset*
*Management, LLC*
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile:  (954) 761-8475

By:   /s/  *Christina V. Paradowski*
             Christina V. Paradowski
             Florida Bar No. 0056708
             cvp@trippscott.com
             hbb@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2020, a copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest who are participating in the CM/ECF system.

By: *Christina V. Paradowski*
    CHRISTINA V. PARADOWSKI

1844988v1 600595.0017

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

BBX CAPITAL ASSET MANAGEMENT, LLC,          CASE NO. CACE 13-016408 (09)
a Florida Limited Liability Company,

      Plaintiff,

v.

JAMES M. RUDNICK, STEVEN M.
LEONI and PETER ROSEN,

      Defendants.

_____/

## FINAL JUDGMENT

THIS CAUSE came before the Court on a bench trial on August 8, 2019. The Court entered Findings of Fact and Conclusions of Law and based on the Court's rulings therein and being otherwise fully advised in the premises, the Court now enters Final Judgment as follows:

1.      Plaintiff, BBX Capital Asset Management, LLC, whose current address is 401 East Las Olas Blvd., Suite 800, Fort Lauderdale, FL 33301, is entitled to a final judgment in its favor and shall recover from Defendants, James M. Rudnick, Steven M. Leoni and Peter Rosen, **$4,209,073.00**, for all of which let execution issue. This judgment shall bear interest until fully satisfied at the rate prescribed by Florida law, *see* §55.03, Fla. Stat.

2.      The last known address of James M. Rudnick is 3836 E. Millers Bridge Road, Tallahassee, FL 32312, and his social security number is believed to be XXX-XX-XXXX.

3.      The last known address of Steven Leoni is 3951 W. Millers Bridge Road, Tallahassee, FL 32312, and his social security number is believed to be XXX-XX-XXXX.

4.      The last known address of Peter Rosen is 423 All Saints, Tallahassee, FL 32301, and his social security number is believed to be XXX-XX-XXXX.

Exhibit 1

CASE NO.: CACE 13-016408 (09)

5.      Defendants/judgment debtors James M. Rudnick, Steven M. Leoni and Peter Rosen shall each complete under oath Form 1.977 (Fact Information Sheet) of the Florida Rules of Civil Procedure, including all required attachments, and serve it on the plaintiff's/judgment creditor's attorney within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.

6.      The Court reserves jurisdiction on the amount of prejudgment interest and will enter a separate judgment on this item of damages.  This procedure was approved by the Supreme Court in *Westgate Miami Beach, Ltd. v. Newport Operating Corp.,* 55 So. 3d 567, 574-75 (Fla. 2010), where the Court held "that a trial court is allowed to reserve jurisdiction in a final judgment to award prejudgment interest in a manner similar to attorneys' fees and costs."

7.      The Court also retains jurisdiction to award reasonable attorneys' fees and costs to be recovered by BBX.

ORDERED in Broward County, Florida this 3rd day of February, 2020.

JEFFREY R. LEVENSON
CIRCUIT COURT JUDGE

Copies: Counsel of Record

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

BBX CAPITAL ASSET MANAGEMENT, LLC,      CASE NO. CACE 13-016408 (09)
a Florida Limited Liability Company,

      Plaintiff,

v.

JAMES M. RUDNICK, STEVEN M.
LEONI and PETER ROSEN,

      Defendants.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER came before the Court for a bench trial on August 8, 2019. Based upon the evidence presented, the testimony of the witnesses, the documentary evidence supplied, the deposition designations provided to the Court, the arguments of counsel, and the authorities presented by the parties, the Court finds as follows:

**1. Nature of the Case**

Plaintiff, BBX Capital Asset Management, LLC, filed this action for breach of guaranty agreements against Defendants, James M. Rudnick, Steven M. Leoni and Peter Rosen. On April 29, 2009, Defendants entered into a Forbearance/Workout Agreement ("**Forbearance Agreement**") with BBX's predecessor, BankAtlantic. The Agreement (i) authorized BankAtlantic to complete the renovation of the real property collateral - a building for student housing located in Texas; and (ii) outlined a procedure for determining the value of the collateral and the resulting deficiency amount following a non-judicial foreclosure.

BankAtlantic foreclosed on the property and Defendants failed to pay the deficiency amount, resulting in BBX filing this lawsuit as BankAtlantic's successor-in-interest. BBX's

CASE NO.: CACE 13-016408 (09)

Complaint sought damages in the amount of $4,209,073, plus prejudgment interest, attorneys' fees and court costs.

## 2. BBX's Claim for Breach of Guaranty Agreements

### A. Stipulated Facts

According to the Joint Pre-Trial Stipulation dated March 21, 2019 (hereafter, "Pre-Trial Stip."), the parties stipulated to the following facts:

1.    On January 31, 2009, the Guarantors executed unconditional and absolute guaranty agreements ("**Guaranty Agreements**").  True and correct copies of the Guaranty Agreements are attached as Exhibits B-F to the Complaint. *See* Partial Agreed Order Pursuant to Rule 1.510(d) dated June 2, 2015 ("**Rule 1.510(d) Agreed Order**"), ¶a.

2.    The Guaranty Agreements guaranteed payment of a promissory note in the amount of $22,950,000 ("**Note**").  The Note was executed by ULofts Lubbock, LLC in favor of BankAtlantic.  A true and correct copy of the Note is attached as Exhibit A to the Complaint. *See* Rule 1.510(d) Agreed Order, ¶b.

3.    On July 13, 2012, BankAtlantic executed an allonge to the Note which assigned the Note and all forbearance agreements associated therewith to BBX.  BBX currently owns and holds the Note and allonge to the Note. *See* Rule 1.510(d) Agreed Order, ¶c.

4.    On or about April 9, 2009, James M. Rudnick, Steven M. Leoni and Peter Rosen entered into a Forbearance Agreement wherein BankAtlantic and Defendants agreed to a process of determining a deficiency amount under the Note and Deed of Trust.  See paragraph 11 of Plaintiff's Complaint and Defendants' admission thereto.

5.    On April 29, 2009, BankAtlantic and the Guarantors executed the Forbearance Agreement. *See* Rule 1.510(d) Agreed Order, ¶d.

6. In the Forbearance Agreement, the Guarantors acknowledged that the Note and Guaranty Agreements were in default. *See* Rule 1.510(d) Agreed Order, ¶e.

7. Paragraph 11 of the Forbearance Agreement provided a formula for determining the value of the collateral. *See* Rule 1.510(d) Agreed Order, ¶f.

8. The Forbearance Agreement provided that by December 31, 2009, BankAtlantic would provide Defendants/Guarantors the total outstanding loan balance (including past due interest), plus the amounts that BankAtlantic paid to satisfy liens on the property, management fees, taxes, insurance and other management related expenses ("**Total Cost**"). The Forbearance Agreement provided that the Total Cost was accepted "as is" and not subject to challenge. *See* Rule 1.510(d) Agreed Order, ¶g.

9. The Forbearance Agreement further provided that by March 31, 2010, the Guarantors had the option, but not the obligation, to purchase the property at the Total Cost and satisfy their Guaranty obligations. *See* Rule 1.510(d) Agreed Order, ¶h.

10. On October 30, 2009, the Guarantors delivered an appraisal prepared by Integra Realty Resources–Tampa Bay ("**Integra**"). *See* Rule 1.510(d) Agreed Order, ¶i.

11. According to Integra, the "as if complete and stabilized" value of the property was $27.3 million. *See* Rule 1.510(d) Agreed Order, ¶j.

12. On November 12, 2009, BankAtlantic delivered an appraisal prepared by Cushman & Wakefield of Texas, Inc. ("**Cushman & Wakefield**") that was marked as "draft" on the signature line. According to Cushman & Wakefield, the "as stabilized" value of the property was $22.2 million. *See* Rule 1.510(d) Agreed Order, ¶k.

13. The signature line to the Cushman & Wakefield appraisal was marked as a "draft." *See* Rule 1.510(d) Agreed Order, ¶m

3

CASE NO.: CACE 13-016408 (09)

14. By emails dated November 12, 2009, BankAtlantic advised the Guarantors that the report was a draft and it was final. *See* Rule 1.510(d) Agreed Order, ¶n.

15. The bank's and the guarantors' reported values differed by more than 10%. *See* Rule 1.510(d) Agreed Order, ¶p.

16. On November 17, 2009, Integra and Cushman & Wakefield were directed by BankAtlantic to retain a third appraiser. *See* Rule 1.510(d) Agreed Order, ¶q.

17. A third appraiser named Joseph J. Blake and Associates, Inc. ("**Blake and Associates**") was selected as the third appraiser. *See* Rule 1.510(d) Agreed Order, ¶s.

18. Defendants agreed to the selection of a third appraiser, as provided in paragraph 11 of the Forbearance/Workout Agreement. *See* BBX's Request for Admissions to Steven Leoni, Peter Rosen and James Rudnick dated September 19, 2013, No. 2, and Guarantors' Response, No. 2.

19. On December 15, 2009, Blake and Associates submitted an appraisal of the property on an "as stabilized" basis in the amount of $17,150,000. *See* Rule 1.510(d) Agreed Order, ¶t.

20. The same day, Leoni contacted Blake and Associates to identify information which he believed was pertinent to the property valuation, but omitted from the report. *See* Rule 1.510(d) Agreed Order, ¶u.

21. On December 23, 2009, Blake and Associates revised its appraisal to reflect an "as stabilized" valuation of $20,950,000. *See* Rule 1.510(d) Agreed Order, ¶w.

22. The Blake and Associates appraisal of $20,950,000 was less than the reported valuation submitted by BankAtlantic in the amount of 22.2 million. *See* Rule 1.510(d) Agreed Order, ¶w.

23.     Based on paragraph 11 of the Forbearance Agreement, the valuation amount of the third valuation ($20,950,000) was limited by the lowest valuation of the first two appraisals - BankAtlantic's/Cushman & Wakefield's $22.2 million valuation.  *See* Rule 1.510(d) Agreed Order, ¶y.

24.     The Guarantors received from BankAtlantic via an email dated December 28, 2009 the Total Cost in the amount of $26,409,073. *See* BBX's Request for Admissions to Steven Leoni, Peter Rosen and James Rudnick dated June 26, 2017, No. 1, and Guarantors' Response, No. 1.

25.     The Guarantors did not exercise the option to purchase the property and satisfy their Guaranty obligations for $26,409,073 by a March 31, 2010 closing deadline.  *See* Rule 1.510(d) Agreed Order, ¶aa.

26.     On April 29, 2010, BankAtlantic advised the Guarantors that the Cushman & Wakefield report was revised downward from $22.2 million to $19.8 million, which fell below the $20.95 million Blake & Associates valuation (the third appraisal). *See* Rule 1.510(d) Agreed Order, ¶bb.

**B. Summary of Evidence Presented by BBX**

The Court received into evidence the original Note and Allonge, *see* Plaintiff's Trial Exs. 2-3, as well as the original Guaranty Agreements. *See* Plaintiff's Trial Exs. 4-6.  BBX introduced evidence to show that BankAtlantic assigned the Guaranty Agreements and the Forbearance Agreement to BBX. *See* Plaintiff's Trial Exs. 1,7.  BankAtlantic also submitted an appraisal of the collateral for $22.2 million. *See* Plaintiff's Trial Ex. 9.  The parties' appraisals differed by more than ten percent, thereby requiring a third appraiser to appraise the property. *See* Pre-Trial Stipulation, Statement of Facts, ¶¶15-18.

The third appraiser's valuation of the property was for $20.95 million. *See* Pre-Trial Stipulation, Statement of Facts, ¶21.    Per the Forbearance Agreement, the valuation of the third

appraisal was limited by the lowest valuation (the bank's $22.2 million valuation). *See* Plaintiff's Trial Ex. 8, ¶11. Based on the Forbearance Agreement, the agreed-upon valuation was $22.2 million. The difference between the Total Cost ($26,409,073) and the valuation per the Forbearance Agreement ($22.2 million) is $4,209,073.

Relying on Fla. R. Civ. P. 1.330(a)(3)(F) and Fla. R. Civ. P. 1.330 (c), BBX also read into the record excerpts of the deposition testimony of Chris Candler, who was designated by Defendants as their testifying real estate expert. T. 124-128. Generally, such testimony concerned whether the bank's appraisal qualified as an appraisal even though it was marked as a draft.

BBX also presented testimony of Amy Mahaney, who was the senior vice president and manager of special assets for BankAtlantic. T. 76. She oversaw the subject loan while it was in default. T. 78. Generally, she testified that the Guarantors failed to purchase the collateral for the Total Cost by the March 30, 2009 expiration of the forbearance period. T. 95. She also testified that she did not release Defendants from the loan despite asking Defendant Steven Leoni to release a mechanic's lien that his company recorded on the subject property. T. 97. She also testified that she did not have the authority to release the guarantors. T. 98.

BBX also presented testimony of John Abdo, the Vice Chairman of BankAtlantic Bancorp n/k/a BBX, who sat on the major loan committee during the forbearance period. He testified about the procedures in place for releasing a personal guaranty, which included approval from the major loan committee. T. 119-121. No such approval was ever sought by Mrs. Mahaney. T. 121.

### C. Summary of Evidence Submitted in Opposition.

For its rebuttal case, Defendants' sole witness was Mrs. Mahaney. Over BBX's objection, Mrs. Mahaney testified that the bank's appraisal was untimely delivered to the Guarantors, though no repercussions to the Defendants resulted thereof. T. 175. She also testified that all of the bank's appraisals were subject to review of a review appraiser which was part of the bank's normal

procedure. T. 176. The third appraisal was also reviewed. T. 176. However, she also testified that the bank never challenged the third appraisal. T. 176.

In addition, Mrs. Mahaney also testified that one of the loan participants, M&I Bank, agreed not to pursue a deficiency against Mr. Leoni. T. 103. She also testified that BankAtlantic received M&I Bank's participation interest in the loan after M&I's interest was paid off. T. 106-107.

### D. Findings of the Court and Conclusions of Law.

To establish a breach of guaranty agreement, BBX must show the following three elements: (1) a valid guaranty agreement; (2) a material breach thereof; and (3) damages. *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). To maintain an action for breach of contract, a claimant must first establish performance of all, or substantially all, on the claimant's part, of the contractual obligations imposed by the contract. *Marshall Construction, Ltd. v. Coastal Sheet Metal & Roofing, Inc.*, 569 So. 2d 845, 848 (Fla. 1st DCA 1990). "Substantial performance is that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full contract price subject to the promisor's right to recover whatever damages may have been occasioned him by the promisee's failure to render full performance." *Ocean Ridge Dev. Corp. v. Quality Plastering, Inc.*, 247 So. 2d 72, 75 (Fla. 4th DCA 1971).

### i. BankAtlantic Submitted an Appraisal for $22.2 Million and the Agreed-Upon Valuation of the Collateral was $22.2 Million.

BBX's evidence at trial shows that BankAtlantic submitted an appraisal for $22.2 million, notwithstanding the fact that it was marked as a draft. *See* Plaintiff's Trial Ex. 9. Under Florida law, an appraisal is an opinion of value by a person with some amount of expertise or qualification. *See Termaforoosh v. Wash*, 952 So. 2d 1247, 1250 (Fla. 5th DCA 2007) ("[I]n the context of a commercial real estate contract, the most commonly understood interpretation of the term

"appraisal" would include a valuation by a person with some amount of expertise or qualifications...."); *see also* Fla. Stat. s. 475.611(1)(a) (defining "appraisal" to mean "services provided by a certified or licensed appraiser" and includes "rendering an unbiased analysis, opinion, review, or conclusion relating to the nature, quality, value, or utility of specified interests in, or aspects of, identified real property."). The appraisal submitted by BankAtlantic qualifies as an appraisal, even though it is marked as a draft.

This conclusion is supported by Defendants' expert's own deposition testimony. In its case in chief, BBX read into the record excerpts of the deposition testimony of Christopher Candler, Defendants' testifying real estate expert witness. Mr. Candler testified that an "appraisal" is an opinion of value. T. 125 (reciting Candler Depo. Transcript, 52:10-18). Mr. Candler admitted that all the reports prepared by the appraisers during the forbearance period qualified as "appraisals," including the bank's draft appraisal, *see*. T. 126 (reciting Candler Depo. Transcript, 55:25-56:10), and the appraisers followed the proper methodologies and theories that their peers would have used. T. 126-127 (reciting Candler Depo. Transcript, 62:6-23).

*Termaforoosh v. Wash*, 952 So. 2d 1247 (Fla. 5th DCA 2007) involved a dispute over the meaning of the term "appraisal" in a real estate sales contract. The buyer was entitled to cancel the contract and receive a refund of his deposit if an appraisal showed that the property value was less than the purchase price. His banker provided an opinion letter generated by the bank's appraisal department, but not a certified appraisal. The court held that as a matter of law, an "appraisal" means a "valuation of property be made by an expert or other qualified person." *Id.* at 1250. If the parties intended to rely on a "certified" appraisal, then that term should have been specified in the contract. *Id.*

Likewise, had the parties intended to rely on a certified appraisal report (as opposed to an appraisal), they could have so specified in the Forbearance Agreement. But they did not.

8

Paragraph 11 of the Forbearance Agreement is clear. It requires the delivery of an "appraisal," not

a "certified appraisal report":

> 11. The Borrower, Guarantors and Lender agree that on September 1, 2009, the Borrower and the Lender shall each select a qualified independent MAI appraiser to appraise the Property on an "as stabilized" basis, said **appraisal** to be delivered to the other party on or before October 30, 2009, time of the essence. Failure by Borrower to deliver its completed **appraisal** on or before October 30, 2009, shall constitute a waiver of the Borrower's right to obtain an **appraisal** and the Borrower's acceptance of the Lender's **appraisal** as the final **appraisal**. If the two **appraisals** vary by less than ten percent (10%), the fair market value of the Property shall be the average of the two **appraisals**, and this value shall be final and not subject to challenge by either the Borrower, the Guarantors or the Lender. If the fair market value of the Property resulting from the two **appraisals** varies by ten percent (10%) or more, the two MAI appraisers selected shall select a third MAI appraiser by November 1, 2009. The third appraiser shall appraise the Property on an "as stabilized" basis with an effective date of November 30, 2009, and his **appraisal** shall be final and not subject to challenge by either, the Borrower, the Guarantors or the Lender.....(emphasis added).

The Court is not permitted to rewrite the clear and unambiguous terms of a contract. *See Hill v. Deering Bay Marina Ass'n, Inc.*, 985 So. 2d 1162, 1166 (Fla. 3d DCA 2008) (noting that "courts do not rewrite contracts"). Accordingly, the Court finds that BankAtlantic's $22.2 million appraisal, despite being marked as a draft, qualifies as an appraisal.

Mrs. Mahaney testified that the bank's appraisal was late. The parties also stipulated to the delivery date of the bank's appraisal (November 12, 2009). However, such late delivery does not bar BBX from pursuing the deficiency. On April 25, 2018, this Court entered partial summary judgment in BBX's favor on the affirmative defense of prior material breach, holding that the defense does not apply as a matter of law since the guaranty and forbearance/workout agreements contain independent covenants i.e., a breach of the forbearance agreement does not bar the enforcement of the guaranty agreements.

Per the Forbearance Agreement, the valuation of the third appraisal ($20.95 million) was limited by the lowest valuation (the bank's $22.2 million valuation). *See* Plaintiff's Trial Ex. 8, ¶11. Based on the Forbearance Agreement, the agreed-upon valuation was $22.2 million. The Court finds that the difference between the Total Cost ($26,409,073, as determined by this Court's partial summary judgment entered on September 25, 2019) and the valuation of the collateral per the Forbearance Agreement ($22.2 million) is **$4,209,073.00**.

### ii. BankAtlantic Did Not Release Defendants

The only remaining issue is whether BankAtlantic released Defendants from their Guaranty Agreements. In their Fourth Amended Affirmative Defense, Defendants alleged that they were released based on emails dated September 22-24, 2010 between Mrs. Mahaney and Mr. Leoni as follows:

> Amy Mahaney: I'm having my TX counsel prepare a release of lien for Leoni Properties, Inc. Would you be willing to sign it? We are trying to sell the property [the collateral] and prefer to clean up title as much as we can.
>
> Steven Leoni: In light of our phone conversation last month whereby Bank Atlantic had made a deal with M&I, I don't think this will be a problem. I was happy to hear that BA and M&I were not going to seek a deficiency. In fact I was wondering if we could get that in writing from you as we need to know that we are representing our contingent liabilities properly moving forward. We are seeing that permanent lending is beginning to recover and plan to send out packages for Portofino in the coming weeks. It's important that we have this from you so we know how to disclose this information.
>
> Amy Mahaney: M&I has agreed in writing that, provided the ULofts sale closes with the current buyer, they will forego any claims on the Deficiency of the guarantors. BankAtlantic has no plans at this time to pursue the Deficiency, but it retains the right to do so while we still have other outstanding loans with you. While counsel on both sides of the transaction has opined that the Leoni Properties lien is without merit now, I hope you will see the benefit of getting completely clean title to the buyer so that this sale can transact and eliminate M&I's intent to pursue Deficiency if the sale falls out. Thanks.

CASE NO.: CACE 13-016408 (09)

Steven Leoni: Your killing me! **Let's talk Monday to resolve**. Have a great weekend!  [emphasis in original]

*See* Plaintiff's Trial Exs. 10, 11.

This email exchange does not establish an enforceable release or settlement regarding satisfaction of the Guaranty Agreements.   Settlement agreements and releases are contracts governed by contract law. *See Churchville v. GACS, Inc*. 973 So. 2d 1212, 1215 (Fla. 1st DCA 2008); *Travelers Ins. Co. v. Horton*, 366 So. 2d 1204, 1205 (Fla. 3d DCA 1979) ("The validity and effect of a settlement and release are governed by contract law.").  An enforceable settlement or release requires "an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *W. Constr., Inc. v. Fla. Blacktop, Inc.*, 88 So. 3d 301, 304 (Fla. 4th DCA 2012).

In order to have a contract, there must be a meeting of the minds on all essential elements and the elements must neither be vague nor ambiguous in its meaning or effect.  *See Gaines v. Nortrust Realty Management, Inc*. 422 So. 2d 1037 (Fla. 3rd DCA 1982) (wherein the Court found that there was no settlement agreement because there was no meeting of the minds regarding the release of claims); *see also Woodfield Plaza Ltd. v. Stiles Const. Co.*, 687 So. 2d 856 (Fla. 4th DCA 1997) *(same)*.

The Court finds that BankAtlantic did not release Defendants from their Guaranty Agreements. The email exchange does not establish a binding and enforceable release.  The email exchange makes it clear that BankAtlantic took the position that the purported lien was not valid, and BankAtlantic was making the request a purely prophylactic measure. Thus, while Mr. Leoni may have hoped that BankAtlantic would agree to not to pursue its deficiency, BankAtlantic did not agree to release its right.  In fact, Leoni acknowledged as much in his subsequent to email to Mrs. Mahaney in which he confirmed that her email did not provide him with the response that he was looking for: "Your killing me! **Let's talk Monday to resolve**." *See* Plaintiff's Trial Ex. 11.

11

Moreover, there is no evidence that Defendants provided any independent consideration. Specifically, there is no evidence Leoni Properties, Inc. actually signed and returned a release of lien. Further, the Forbearance Agreement already required Leoni to assist in clearing the liens from the property. *See* Forbearance Agreement, ¶¶ 4, 5; T. 95-96. Mr. Leoni's offer to release a lien recorded by his own company, Leoni Properties, Inc., is not new consideration because he was already obligated to assist in clearing liens from the property. *Barnes v. Beaumont,* 70 So. 2d 560, 563 (Fla. 1954) ("Where the consideration in a contract is past, no valid and binding contract comes into existence"). Defendants cannot establish that BankAtlantic received a benefit it was otherwise not entitled to under the original contracts, *i.e.,* independent consideration. S*ee City of Miami Beach v. Fryd Constr. Corp.*, 264 So. 2d 13, 14 (Fla. 3d DCA 1972) (reciting party's reliance on familiar rule that "performance of a pre-existing duty is not legal consideration and that past consideration is not legal consideration.").

Lastly, Mrs. Mahaney testified that one of the loan participants agreed not to pursue a deficiency against the Defendants. T. 103. However, she also testified that BankAtlantic's deficiency was not released and the bank eventually purchased or acquired the participant's interest in the loan. T. 106-107. Such evidence is legally insufficient to establish that Defendants were released from their guaranty agreements.

"A participation is not a loan. To the contrary, a participation is a contractual arrangement between a lender and a third party whereby the third party, labeled a participant, provides funds to the lender." *See generally In re AutoStyle Plastics, Inc.*, 269 F. 3d 726, 736-37 (6th Cir. 2001) (citing Patrick J. Ledwidge, Loan Participations Among Commercial Banks, 51 Tenn. L.Rev. 519, 528 (1984)). The lender, in turn, uses the funds from the participant to make loans to the borrower. *Id*. The participant is not a lender to the borrower and has no contractual relationship with the borrower." *Id*. The participant's only contractual relationship is with the lender; the participant has

12

no ability to seek legal recourse against the borrower.  There is no evidence that M&I Bank had the ability to release Defendants from their guaranty agreements since its contractual relationship, as a loan participant, is with BankAtlantic, not the Guarantors.

Based on the foregoing, the Court finds that BankAtlantic did not release Defendants from their guaranty agreements.  The Court further finds that BBX is entitled to recover from said Defendants the agreed-upon deficiency amount of **$4,209,073.00**.

**3. Trial Motions**

Before trial, BBX moved to amend its witness list without objection which was granted. Tr. 9.  At the conclusion of its case in chief, BBX moved to amend the pleadings to conform to the evidence.  Tr. 129-130.  The Court deferred ruling on the motion so that a written motion could be filed. Tr. 134.  On August 28, 2019, BBX filed its Motion to Amend the Pleadings to Conform to the Evidence, and Defendants filed their response in opposition thereto on September 17, 2019.

Before trial, Defendants moved to dismiss the complaint for failure to state a cause of action pursuant to Fla. R. Civ. P. 1.140(h)(2), Tr. 23-37, and renewed such motion at the conclusion of Plaintiff's case in chief.  Tr. 137-157.  The court deferred ruling on the motion so that a written post-trial motion could be filed.  Defendants also moved for involuntary dismissal at the conclusion of Plaintiff's case in chief. Tr. 159-165.  The Court denied that motion. Tr. 167.

On August 28, 2019, Defendants filed its Motion for Involuntary Dismissal Pursuant to Rule 1.420(b) and Motion to Dismiss Pursuant to Rule 1.140(h)(2), and BBX filed its response in opposition thereto on September 17, 2019.

**4. Summary of Findings**

Based on the Court's findings of fact and law set forth above, and based on the Court's review of the motions filed by the parties on August 28, 2019 and their responses filed on September 17, 2019, it is **ORDERED AND ADJUDGED** as follows:

13

1.      Plaintiff, BBX Capital Asset Management, LLC, shall be entitled to the entry of a Final Judgment in its favor and against Defendants James M. Rudnick, Steven M. Leoni and Peter Rosen for the deficiency amount of **$4,209,073.00**. A Final Judgment awarding the principal amount of the deficiency and reserving jurisdiction to award pre-judgment interest, fees and costs shall be separately entered by this Court.

2.      The Court grants BBX's Motion to Conform the Pleadings to the Evidence.

3.      The Court denies Defendants' Motion for Involuntary Dismissal Pursuant to Rule 1.420(b) and Motion to Dismiss Pursuant to Rule 1.140(h)(2).

ORDERED in Broward County, Florida this 3 day of February, 2020.

JEFFREY R. LEVENSON
CIRCUIT COURT JUDGE

Copies: Counsel of Record

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR   LEON   COUNTY,   FLORIDA**

**WAKULLA BANK, a Florida
banking corporation,**

     **Plaintiff,**

**v.**                                  **CASE # 2010-CA-0197**

**1904 OLD BAINBRIDGE, LLC;
MICHAEL A. PAGOZALSKI a/k/a
MIKE PAGOZALSKI and PETER
ROSEN,**

     **Defendants.**

_____/



## CONSENT FINAL JUDGMENT

    **THIS MATTER** came before the Court, and this Court, after consideration of the pleadings,

consent of the parties, and having heard argument of counsel, and being otherwise advised in the

premises, it is hereby:

    **ORDERED AND ADJUDGED:**

    1.    Plaintiff, Wakulla Bank, is due on promissory note #602113390 from Defendants

1904 OLD BAINBRIDGE, LLC; MICHAEL A. PAGOZALSKI a/k/a MIKE PAGOZALSKI and

PETER ROSEN, jointly and severally, the sum of $219,839.47, that shall bear interest at the rate of

4%, for all of which let execution issue.

    2.    Plaintiff, Wakulla Bank, is due on promissory note #602108390 from Defendant

MICHAEL A. PAGOZALSKI a/k/a MIKE PAGOZALSKI the sum of $209,693.72, that shall bear

interest at the rate of 4%, for all of which let execution issue.

    3.    Plaintiff, Wakulla Bank, is due from Defendants 1904 OLD BAINBRIDGE, LLC;

MICHAEL A. PAGOZALSKI a/k/a MIKE PAGOZALSKI and PETER ROSEN, jointly and

severally, the sum of $1,725.00 for attorney's fees and costs, that shall bear interest at the rate of 4%,



Exhibit 2

for all of which let execution issue.

4.   The address for Plaintiff Wakulla Bank, is Post Office Box 610, Crawfordville, Florida 32327, or in care of its attorneys, Mowrey Law Firm, P.A., 515 North Adams Street, Tallahassee, Florida 32301.

**IT IS FURTHER ORDERED AND ADJUDGED** that the judgment debtor shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.

Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.

Consented to on behalf of Plaintiff:

RONALD A. MOWREY
Florida Bar No. 0122006
RICK A. SAVAGE
Florida Bar No. 0026965
MOWREY LAW FIRM, P.A.
515 North Adams Street
Tallahassee, Florida 32301
Telephone: (850) 222-9482
Telecopier: (850) 561-6867
ATTORNEYS FOR WAKULLA BANK

Consented to by Defendants:

**1904 OLD BAINBRIDGE, LLC**

By: Michael A. Pagozalski a/k/a
Mike Pagozalski
Its: Managing member


By: Peter Rosen
Its: Managing member

Michael A. Pagozalski a/k/a
Mike Pagozalski, individually

Peter Rosen, individually

2

**DONE AND ORDERED** in Leon County, Florida, this _2_ day of January 2010.



Circuit Judge

Conformed copies to:

    Ronald A. Mowrey, Esq.
    1904 Old Bainbridge, LLC
    Michael A. Pagozalski a/k/a Mike Pagozalski
    Peter Rosen

J:\OPEN\WB\Pagozalski, Mike - suit on notes (2)\Pleadings\proposed final judgment.wpd

A Certified Copy
Attest:

**Bob Inzer**

Clerk Circuit Court
Leon County, Florida

By _____
                  D.C.

Copies Mailed By
SB on 3-3-10

3



By _____, D.C.
Clerk Circuit Court
Leon County, Florida.
Attest:
A Certified Copy
Bob Inzer

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

CASE NO.  2010-CA-18

FIRST CAPITAL BANK, a Florida banking
corporation,

      Plaintiff,

v.

PETER S. ROSEN, MICHAEL
PAGOZALSKI, MICHAEL CURETON D/B/A
CURETON PLUMBING, INC., a Florida
corporation, and SOUTHWOOD
RESIDENTIAL COMMUNITY
ASSOCIATION, INC., a Florida non-profit
corporation,

      Defendants.

_____/

## FINAL JUDGMENT OF DEFICIENCY

THIS ACTION was heard before the Court on the Plaintiff's Motion for Deficiency

Judgment against Defendants, PETER S. ROSEN and MICHAEL PAGOZALSKI. On the

evidence presented, it is

ORDERED AND ADJUDGED that Plaintiff, FIRST CAPITAL BANK, recover from

Defendants, PETER S. ROSEN and MICHAEL PAGOZALSKI, jointly and severally, the

amount of $133,994.46, reasonable attorneys' fees in the amount of $1,172.50, costs in the

amount of $300.00, charges associated with the sale of the property in the amount of $269.50,

making a total of $135,736.46, less the fair market value of $84,166.00, less an appraisal credit

in the amount of $1,800.00, for a total deficiency of $49,770.46 that shall bear interest at the rate

of 6% per annum, for all of which let execution issue.

Recorded in the Official Records
of Leon County
UNOFFICIAL DOCUMENT
CLERK OF THE CIRCUIT COURT COMPTROLLER · LEON COUNTY · GWEN MARSHALL

Exhibit 3

DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida, this 18ᵗʰ

day of October, 2010.

_____
Honorable Jackie L. Fulford

Copies furnished to:
Jack E. Kiker, III, Esq.
Frank S. Shaw, III, Esq.
Garvin B. Bowden, Esq.
Michael Cureton d/b/a Cureton Plumbing, Inc.

2

*Page 1 of 2*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**REGIONS BANK,**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　**CASE NO. 4:10 cv 109 RH/WCS**

**THE VILLAGE CONDOMINIUMS, LLC,**
**a Florida Limited Liability Company;**
**PETER S. ROSEN; MICHAEL A. PAGOZALSKI;**
**THE VILLAGE CONDOMINIUMS ASSOCIATION, INC.**

      **Defendants.**

_____

## CONSENT FINAL JUDGMENT OF DEFICIENCY

*Before me is the Joint Motion for Entry of Consent Final Judgment (ECF No. 32).*
Based upon the request of the parties and for good cause shown, the Court hereby
ORDERS, ADJUDGES and DECREES that:

Plaintiff, Regions Bank, 100 North Tampa Street, Mezzanine Level, Tampa, Florida
333602, shall have a judgment in the amount of $200,000.00 against Defendants, The
Village Condominiums, LLC, whose last known address is 310 Blount Street, Suite 107,
Tallahassee, Florida 32301; Peter S. Rosen whose last known address is 423 All Saints
Street Apt 1, Tallahassee, Florida 32301; and Michael A. Pagozalski, whose last known
address is 1831 Collins Landing Road, Tallahassee, Florida 32310, jointly and severally,
for all of which let execution issue.

Plaintiff shall be entitled to recover post-judgment interest at the legal rate defined by 28
U.S.C. § 1961 from the date of this judgment until paid.

CERTIFIED A TRUE COPY
Sheila Hurst-Raybom, Acting Clerk

By: _____
                    Deputy Clerk

Exhibit 4

*Page 2 of 2*

This Consent Final Judgment of Deficiency includes Plaintiff's attorneys' fees and costs, and Plaintiff shall not be entitled to any additional attorneys' fees or costs incurred in executing and collecting on this judgment.

This Court retains jurisdiction over this matter for the purposes of handling any motions related to the enforcement or collection of the Consent Final Judgment of Deficiency.

SO ORDERED on November 22, 2010.

s/Robert L. Hinkle
United States District Judge

*Case No: 4:10cv109-RH/WCS*



UNOFFICIAL DOCUMENT
UNOFFICIAL DOCUMENT
CLERK OF THE CIRCUIT COURT & COMPTROLLER
LEON COUNTY
GWEN MARSHALL

20110019091 ELECTRONICALLY RECORDED IN THE PUBLIC RECORDS OF LEON COUNTY, FL
BK: 4229 PG: 1782   03/25/2011 at 04:53 PM   BOB INZER, CLERK OF COURTS

## IN THE CIRCUIT COURT IN AND FOR LEON COUNTY, FLORIDA

**REGIONS BANK,**

    **Plaintiff,**

vs.                             **CASE NO. 2010 CA 001874**

**PETER S. ROSEN;**
**JASON S. GOLD;**
**THOMAS L. CARNS, SR.;**
**MICHAEL CURETON d/b/a Cureton Plumbing, Inc.;**
**CAPITAL CITY BANK;**
**UNKNOWN OCCUPANT A residing at 315 Meridian Ridge;**
**UNKNOWN OCCUPANT B residing at 315 Meridian Ridge;**
**UNKNOWN OCCUPANT C residing at 1320 North Duval;**
**UNKNOWN OCCUPANT D residing at 1320 North Duval;**

    **Defendants.**

_____/

### SUMMARY FINAL JUDGMENT OF FORECLOSURE
### UNDER COUNTS II, VI, AND IX; SUMMARY FINAL JUDGMENT UNDER COUNT VII; AND
### PARTIAL FINAL JUDGMENT REGARDING LIABILITY UNDER COUNTS I, IV, V AND VIII OF
### PLAINTIFF'S VERIFIED COMPLAINT

    This matter is before the Court on Plaintiff's Motion for Summary Final Judgment of Foreclosure Under Counts II, VI, and IX; Summary Final Judgment Under Count VII; and Partial Final Judgment Regarding Liability Under Counts I, IV, V, and VIII of Plaintiff's Verified Complaint and the Court having reviewed the pleadings on file and having heard argument of counsel, finds that a summary final judgment in foreclosure and partial final judgment regarding liability should be entered, it is, therefore,

    ORDERED AND ADJUDGED THAT:

    1.    This Court has jurisdiction over the parties to this action and the subject matter of this action.

    2.    Prior to the hearing on Plaintiff's Motion for Summary Judgment, Defendant, Rosen, filed a Motion to Amend his Answer to Assert Affirmative Defenses. The affirmative defenses raised by Rosen in his Amended Answer and Affirmative Defenses are reserved without prejudice to be heard in the event that Plaintiff seeks a deficiency judgment.

| Summary Final Judgment (1) (A0829775).DOCA0823955



Exhibit 5

OR BK: 4229 PG: 1783

3.    Defendants, Carns and Gold, raised no legal or equitable defenses recognized under Florida Law or not negated by the affidavits filed in support of this motion.

4.    Defendants, Cureton, Dean Thompson also known as Unknown Occupant A, Katina Thompson also known as Unknown Occupant B, and Erin Strong also known as Unknown Occupant C, failed to file a response within the time required by law and a Clerk's default was entered against them on September 3, 2010.

5.    The original Note for Loan Number 05593800000001 attached to the Complaint as **Exhibit 13** has been lost.  The Note attached to the Complaint as **Exhibit 13** for Loan Number 05593800000001 is hereby REESTABLISHED with all of the rights and privileges incident to it

6.    There are no genuine issues of material fact as to (a) Count II for foreclosure and (b) liability under the promissory note action under Count I of Plaintiff's Verified Complaint against Defendant, Peter S. Rosen, and thus, Plaintiff's Motion for Summary Final Judgment of Foreclosure under Count II and Partial Final Judgment for Liability under Count I of Plaintiff's Verified Complaint is hereby **GRANTED**.

7.    Plaintiff, REGIONS BANK, is due under Counts I and II (Lots 8 and 4):

| | |
|---|---|
| Principal | $ 371,250.00 |
| Interest as of the date of this judgment | $  29,970.54 |
| **TOTAL AMOUNT DUE** | **$ 401,220.54** |
| Title Search Fee (1/3 of total fee) | $    303.30 |
| Court Costs, now taxed (1/4 of total costs) | $    603.75 |
| Attorneys Fees: (1/4 of total fees) | $  5,236.92 |

Finding as to reasonable number of hours:
    (78.4 attorney hours/8.6 paralegal hours)
Finding as to reasonable hourly rate:
    ($225.00 to $295.00 attorney time/$125.00 paralegal time)

**TOTAL**                              **$407,364.51**

that shall bear interest at the rate of six percent (6%) a year.

8.    There are no genuine issues of material fact as to (a) Count VI for foreclosure and (b) liability under the promissory note action under Count V of Plaintiff's Verified Complaint against Defendant, Peter S. Rosen, and thus, Plaintiff's Motion for Summary Final Judgment of

2

Summary Final Judgment (1) (A0829775).DOC.A0823955



OR BK: 4229 PG: 1784

Foreclosure under Count VI and Partial Final Judgment for Liability under Count V of Plaintiff's Verified Complaint is hereby **GRANTED**.

      9.     Plaintiff, REGIONS BANK, is due under Counts V and VI (Lots 10,11,12,and 15):

| | |
|---|---|
| Principal | $ 438,700.66 |
| Interest as of the date of this judgment | $ 35,547.99 |
| Late Fees | $ 1,558.28 |
| | |
| **TOTAL AMOUNT DUE** | **$ 475,806.93** |
| Title Search Fee (1/3 of total fee) | $ 303.30 |
| Court Costs, now taxed (1/4 of total costs) | $ 603.75 |
| Attorneys Fees: (1/4 of total fees) | $ 5,236.92 |

Finding as to reasonable number of hours:
   (78.4 attorney hours/8.6 paralegal hours)
Finding as to reasonable hourly rate:
   ($225.00 to $295.00 attorney time/$125.00 paralegal time)

| | |
|---|---|
| <u>**TOTAL**</u> | **$481,950.90** |

that shall bear interest at the rate of six percent (6%) a year.

      10.     There are no genuine issues of material fact as to (a) Counts IX for foreclosure and (b) liability under the promissory note action under Counts VIII of Plaintiff's Verified Complaint against Defendant, Peter S. Rosen, and thus, Plaintiff's Motion for Summary Final Judgment of Foreclosure under Count IX and Partial Final Judgment for liability under Count VIII of Plaintiff's Verified Complaint is hereby **GRANTED**.

      11.     Plaintiff, REGIONS BANK, is due under Counts VIII and IX (Lot 1)

| | |
|---|---|
| Principal | $ 129,157.97 |
| Interest as of the date of this judgment | $ 11,099.10 |
| Late Fees | $ 495.70 |
| | |
| **TOTAL AMOUNT DUE** | **$ 140,752.77** |
| Title Search Fee (1/3 of total fee) | $ 303.33 |
| Court Costs, now taxed (1/4 of total costs) | $ 603.75 |
| Attorneys Fees: (1/4 of total fees) | $ 5,296.32 |

3


Summary Final Judgment (1) (A0829775).DOCA0823955



OR BK: 4229 PG: 1785

Finding as to reasonable number of hours:
  (78.4 attorney hours/8.6 paralegal hours)
Finding as to reasonable hourly rate:
  ($225.00 to $295.00 attorney time/$125.00 paralegal time)

**TOTAL**                                     **$146,956.17**
that shall bear interest at the rate of six percent (6%) a year.

      12.    Plaintiff holds a lien for the total sum superior to all claims or estates of Defendants on the following described real and personal property located in Leon County, Florida:

SEE 'SCHEDULE A' ATTACHED HERETO.

      13.    If the total sum with interest at the rate described in paragraph 5 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on ___5-12___, 2011 at 11:00 a.m. Eastern Time, to the highest bidder for cash except as set forth below, at the Plaza Level, North Rotunda in Leon County Courthouse, 301 South Monroe Street, Tallahassee, Florida in accordance with §45.031, Florida Statutes. At the time of the sale, the successful high bidder shall post with the Clerk a cash deposit equal to five percent (5%) of the final bid. The balance of the final bid shall be paid in cash or cash equivalent to the Clerk no later than 4:00 p.m. on the sale date.

      14.    Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum of this judgment with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

      15.    On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale as far as they are sufficient, by paying: First, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate of Title; third, Plaintiff's attorneys' fees; fourth, the total sums due Plaintiff less the items paid, plus interest prescribed in paragraph 5 from this date to the date of the sale; and by retaining any amount remaining pending further order of this Court.

      16.    On filing the Certificate of Sale, Defendants and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property *except* as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title, the person named on the Certificate of Title shall be let into possession of the property.

4

| Summary Final Judgment (1) (A0829775).DOCA0823955



OR BK: 4229 PG: 1786

Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

17.   If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure.  If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Clerk no later than 60 days after the sale.  If you fail to file a claim, you will not be entitled to any remaining funds.  If you are the property owner, you may claim these funds yourself.  You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled.  Please check with the Clerk of the Court, Leon County Courthouse, 301 South Monroe Street, Tallahassee, Florida 32301 (850) 577-41705 within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the clerk has in the registry of the court.

18.   If you are the property owner, you may claim these funds yourself.  You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled.  Please check with the Clerk of the Court, Leon County Courthouse, 301 South Monroe Street, Tallahassee, Florida 32301 (850) 577-41705 within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the clerk has in the registry of the court.

19.   If you decide to sell your property or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information.  If you cannot afford to pay an attorney, you may contact Legal Aid Foundation of the Tallahassee Bar association, Inc. – (850) 222-3004/Legal Services of North Florida, Inc. at (850) 385-9007 to see if you qualify financially for their services.  If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options.  If you choose to contact Legal Aid Foundation of the Tallahassee Bar association, Inc. – (850) 222-3004/Legal Services of North Florida, Inc. at (850) 385-9007 for assistance, you should do so as soon as possible after receipt of this notice.

20.   Defendant, Peter S. Rosen, is liable under the subject promissory notes to Plaintiff for damages and the Court reserves jurisdiction herein to determine the amount of said damages following the foreclosure sale upon proper motion by Plaintiff for a deficiency judgment against Defendant, Peter S. Rosen.  However, nothing herein shall prevent Defendant, Rosen,

5

Summary Final Judgment (1) (A0829775).DOCA0822955



OR BK: 4229 PG: 1787

from asserting his amended affirmative defenses in the event that Plaintiff pursues a deficiency judgment.

21.     There are no genuine issues of material fact as to liability under the promissory note action under Counts IV of Plaintiff's Verified Complaint against Defendant, Peter S. Rosen, and thus, Plaintiff's Motion Partial Final Judgment for damages under Count IV of Plaintiff's Verified Complaint is hereby **GRANTED**. It is, therefore,

ORDERED, ADJUDGED, and DECREED that Plaintiff, Regions Bank, shall have a final money judgment against Defendant, Peter S. Rosen, in the principal sum of $129,157.97, plus interest of $11,055.96, plus late fees of $470.75, plus court costs of (1/4 of total costs) $603.45, and attorney fees of (1/4 of total fees) $5,296.92, making the total sum of **$146,585.05** , that shall bear interest at the rate set forth by law in the amount of six percent (6%) from the date hereof until satisfied, FOR ALL OF WHICH LET EXECUTION ISSUE, It is further,

ORDERED, ADJUDGED, and DECREED that Defendant, Peter S. Rosen, shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on Plaintiff's attorney at P.O. Box 13010, Pensacola, Florida 32591-3010, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed. Jurisdiction of this case is retained to enter further orders including but not limited to compelling the defendant to complete Form 1.977, including all required attachments, and serve it on Plaintiff's attorney.

22.     The address for Plaintiff, Regions Bank is Asset Management, Mail Code: ALBH10902B, 1900 5th Avenue North, RC-9th Floor, Birmingham, AL 35203.

DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida this 25 day of March, 2011.

HONORABLE TERRY P. LEWIS
LEON COUNTY CIRCUIT JUDGE

**Conformed Copies to:**
Megan F. Fry, Esq.
Gregory A. May, Esq.
Frank S. Shaw, III, Esq.
Elwin R. Thrasher, Esq.
Blake Hayward, Esq.
Dean Thompson
Katina Thompson
Erin Strong
Michael Cureton

A Certified Copy
Attest:

**Bob Inzer**

Clerk Circuit Court
Leon County, Florida

By _____
D.C.

12-6-11

6

| Summary Final Judgment (1) (A0829775).DOCA0823955

OR BK: 4229 PG: 1788

## SCHEDULE A

Lot 8, Meridian Ridge, as per map or plat recorded in Plat Book 18, Page 39 in the public records of Leon County, Florida.

AND

Lot 4, Block B, Gardenia Gardens, according to the map or plat thereof recorded in Plat Book 3, Page 127 of the Public Records of Leon County, Florida, less and except that portion deed to the State of Florida in O.R. Book 942, Page 439 of the Public Records of Leon County, Florida.

AND

Lots 10, 11, 12 and 15, Block "K", Lakeview, a Subdivision as per Map or Plat thereof recorded in Plat book 1, Page 25, of the public records of Leon County, Florida.

AND

**LOT 1, BLOCK "B", GARDENIA GARDENS, A SUBDIVISION AS PER MAP OR PLAT THEREOF, RECORDED IN PLAT BOOK 3, PAGE 127, OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA, LESS AND EXCEPT THAT PORTION DEEDED TO THE STATE OF FLORIDA IN OFFICIAL RECORDS BOOK 942, PAGE 439, OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA.**

{A0651964.DOC}

7

| Summary Final Judgment (1) (A0829775).DOC A0823955



A Certified Copy
Attest:

**Bob Inzer**

Clerk Circuit Court
Leon County, Florida

By _____
                    D.C.

HANCOCK BANK.

    Plaintiff,

vs.

PETER ROSEN, et. al.

    Defendants.

_____/

**FILED**

2012 MAY 16 P 4: 29

C-04
BOB INZER
CLERK CIRCUIT COURT
LEON COUNTY, FLORIDA

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

CASE NO: 2010 CA 2787

## FINAL DEFICIENCY JUDGMENT

THIS CAUSE was heard upon a Motion for Deficiency Judgment filed by Plaintiff

against Defendant, Peter Rosen, and after a duly noticed evidentiary hearing on May 16, 2012,

and the court otherwise being duly apprised in the matter:

**IT IS ORDERED AND ADJUDGED** that Plaintiff, Hancock Bank, recover from

Defendant **$370,294.82**. The court determined the judgment amount after due credit for fair

market value of the foreclosure sale, for statutory interest, for attorney's fees and additional

allowed costs, as indicated on Exhibit "A." Such sum shall bear interest at the statutory rate

allowed by law, for which let execution issue.

The following information is incorporated into this judgment pursuant to the provisions

of Sections 55.01(2) and 55.10(1), Florida Statutes (2003).

Judgment Lien Holder and for information about this Judgment:

Name:      Hancock Bank

               Attn: Deborah Renfroe, Special Assets

Address:   30723 State Highway 181

               Spanish Fort, Alabama 36527



Exhibit 6

Also, information regarding this judgment can be found by contacting Frank P. Rainer at

411 East College Avenue, Tallahassee, Florida 32301.

Judgment Debtor:

Name:       Peter S. Rosen

Address:    P.O. Box 15694

            Tallahassee, FL 32317

Social Security Number: Omitted pursuant to Fla. Stat. § 119.0721(5)(a).

**DONE AND ORDERED** in Chambers in Tallahassee, Florida, on this 16 day of _____May_____, 2012.

_____
The Honorable Circuit Judge Kevin J. Carroll

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice for Hearing has been furnished by U.S. Mail this ____ day of May, 2012.

WAKULLA BANK
 C/O: Walter C. Dodson, Registered Agent
2932 Crawfordville Hwy
Crawfordville, FL 32327

MICHAEL CURETON
d/b/a Cureton Plumbing Inc.
C/O: Michael L. Cureton, R/A
2717 West Tharpe Street
Tallahassee, FL 32303

FRANK SHAW
Smith, Thompson, Shaw & Manuasa
3520 Thomasville Rd., 4th Floor
Tallahassee, FL 32309

SOUTHWOOD RESIDENTIAL
COMMUNITY ASSOCIATION, INC.
Attn: Garvin Bowden
1300 Thomaswood Drive
Tallahassee, FL 32308

_____
Frank P. Rainer, Esq.



UNOFFICIAL DOCUMENT
UNOFFICIAL DOCUMENT
CLERK OF THE CIRCUIT COURT & COMPTROLLER
LEON COUNTY
GWEN MARSHALL

Exhibit "A"



ROSEN

| Final Judgment Amount | | $1,074,928.70 |
|---|---|---|
| Interest from August 19, 2011 to September 21, 2011 | | $5,831.70 |
| Days: | 33 | |
| Daily rate: | 0.0001644 | |
| Credit for Foreclosure Sale value September 22, 2011 | | $726,500.00 |
| Remaining Judgment Balance | | $354,260.40 |
| Interest from September 22, 2011 to May 16, 2012 | | $13,861.22 |
| Days: | 238 | |
| Daily rate: | 0.0001644 | |
| Total Interest and Principal due April 1, 2012 | | $368,121.62 |
| Attorney's fees awarded | | $1,174.00 |
| Costs | | $324.20 |
| Plus Appraiser fees award | | $675.00 |
| Total Due on Judgment: | | **$370,294.82** |



UNOFFICIAL DOCUMENT
CLERK OF THE CIRCUIT COURT & COMPTROLLER
LEON COUNTY
GWEN MARSHALL
UNOFFICIAL DOCUMENT



A Certified Copy
Attest:

**Bob Inzer**

Clerk Circuit Court
Leon County, Florida

By _____ D.C.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

HANCOCK BANK,

     Plaintiff,

vs.

CASE NO.: 2010 CA 3878

THE CLOISTERS OF ALL SAINTS, L.L.C.,
JOHN C. BYRNE, III, PETER S. ROSEN,
CLOISTERS OF ALL SAINTS
CONDOMINIUMS ASSOCIATION, INC.;
MIDTOWN METROPOLIS LLC;
SUPERIOR BANK; and any and all unknown
parties claiming by, through, under, against,
the herein named Defendants who are not
known to be dead or alive, whether said
unknown parties may claim an interest as
spouses, heirs, devisees, grantees, or other
claimants,

     Defendants,

_____/

**FILED**

2012 MAY 17 P 4: 14

C-04
BOB INZER
CLERK CIRCUIT COURT
LEON COUNTY, FLORIDA

## <u>FINAL DEFICIENCY JUDGMENT</u>

THIS CAUSE was heard upon a Motion for Deficiency Judgment filed by Plaintiff

against Defendants, The Cloisters of All Saints, LLC, John C. Byrne III, and Peter S. Rosen, and

after a duly noticed evidentiary hearing on May 17, 2012, and the court otherwise being duly

apprised in the matter:

**IT IS ORDERED AND ADJUDGED** that Plaintiff, Hancock Bank, recover jointly and

severally from Defendants, The Cloisters of All Saints, LLC, John C. Byrne III, and Peter S.

Rosen, the amount of **$47,968.47**. The court determined the judgment amount after due credit

for fair market value of the foreclosure sale, for statutory interest, for attorney's fees and



Recorded in the Official Records
of Leon County

EXHIBIT 7

additional allowed costs, as indicated on Exhibit "A."  Such sum shall bear interest at the statutory rate allowed by law, for which let execution issue.

The following information is incorporated into this judgment pursuant to the provisions of Sections 55.01(2) and 55.10(1), Florida Statutes (2003).

<u>Judgment Lien Holder and for information about this Judgment:</u>

Name:          Hancock Bank

               Attn: Deborah Renfroe

Address:       30723 State Highway 181

               Spanish Fort, Alabama 36527

Also, information regarding this judgment can be found by contacting Frank P. Rainer at 411 East College Avenue, Tallahassee, Florida 32301.

<u>Judgment Debtors:</u>

Name:          The Cloisters of All Saints, LLC

Address:       1252 Blountstown Hwy

               Tallahassee, FL 32304

Name:          John C. Byrne III, Guarantor

Address:       423 All Saints Street, #1

               Tallahassee, FL 32301

Social Security Number: Omitted pursuant to Fla. Stat. § 119.0721(5)(a).

Name:          Peter S. Rosen, Guarantor

Address:       310 Blount Street, Suite #108

               Tallahassee, FL 32301

Social Security Number: Omitted pursuant to Fla. Stat. § 119.0721(5)(a).



**DONE AND ORDERED** in Chambers in Tallahassee, Florida, on this _17_ day of _May_, 2012.

_____

The Honorable Circuit Judge Kevin J. Carroll

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by U.S. Mail on the following, this 17th of May, 2012.

FRANK S. SHAW III, ESQ.
Smith, Thompson, Shaw, Minacci & Colon, P.A.
3520 Thomasville Road, 4th Floor
Tallahassee, FL 32309
*Attorney for The Cloisters of All Saints, L.L.C.,*
*Peter S. Rosen, John C. Byrne, III, and*
*Midtown Metropolis, LLC*

KRISTIN A. GARDNER, ESQ.
Dunlap & Shipman, P.A.
2065 Thomasville Road, Suite 102
Tallahassee, FL 32308
*Attorney for The Cloisters of All Saints*
*Condominiums Association Inc*

JERRY W. POWELL
Executive Vice President & General Counsel
Superior Bank, N.A.
17 North 20th Street
Birmingham, AL 35203
*Receiver for Superior Bank*

_____

Frank P. Rainer, Esq.


UNOFFICIAL DOCUMENT
CLERK OF THE CIRCUIT COURT & COMPTROLLER
LEON COUNTY
GWEN MARSHALL
UNOFFICIAL DOCUMENT

Exhibit "A"



CLOISTERS DEFICIENCY JUDGMENT CALUCATIONS

| | |
|---|---|
| Final Judgment Amount | $228,635.70 |
| Credit for Foreclosure Sale value January 3, 2011 | $188,000.00 |
| Remaining Principal Balance | $40,635.70 |

Interest from Nov 25, 2011
to  Jan 2 2012
Days:          39
Daily rate:  0.000129782          $1,157.24

Interest from Jan 3, 2012
to May 17, 2012
Days:                135
Daily rate:  0.000129782          $4,005.83

Total Interest and Principal due May 17, 2012          $45,798.77

Attorney's fees awarded          $1,424.00
Costs          $245.70
Plus Appraiser fees award          $500.00

Total Due on Judgment:          **$47,968.47**


UNOFFICIAL DOCUMENT
CLERK OF THE CIRCUIT COURT & COMPTROLLER
LEON COUNTY
GWEN MARSHALL
UNOFFICIAL DOCUMENT

20140074376 ELECTRONICALLY RECORDED IN THE PUBLIC RECORDS OF LEON COUNTY, FL
BK: 4712 PG: 865  09/12/2014 at 03:19 PM  BOB INZER, CLERK OF COURTS

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT OF FLORIDA IN AND FOR LEON COUNTY

HANCOCK BANK, a Mississippi banking
corporation, as assignee of the Federal Deposit
Insurance Corporation, as Receiver for Peoples First
Community Bank, a Florida banking corporation,

      Plaintiff,

v.                          CASE NO.: 2011CA3421

BALDWIN PARK TALLAHASSEE, LLC, a
Florida limited liability company; STEVEN
LEONI, an individual; PETER S. ROSEN, an
individual; KIMBERLY WILLIAM MORROW, an
individual; KELLY FERGUSON, an individual;
and NATASHA REID, an individual,

      Defendants.
_____/

**FILED 2014 SEP 10 PM 4:11 BOB INZER CLERK & COMPTROLLER LEON COUNTY, FLORIDA**

### STIPULATED JUDGMENT OF DEFICIENCY

    Upon stipulation of the Parties, the Court finds that the total indebtedness due and owing to

HANCOCK BANK ("Plaintiff") from BALDWIN PARK TALLAHASSEE, LLC, ("Borrower"),

STEVEN LEONI ("Leoni") and PETER S. ROSEN, ("Rosen", together with Leoni, the "Guarantors",

together with the Borrower, the "Defendants"), is $100,000.00, with interest at the rate of 4.75% per

annum.

    It is ordered that Plaintiff, HANCOCK BANK, recover from Defendants, BALDWIN PARK

TALLAHASSEE, LLC, STEVEN LEONI and PETER S. ROSEN, individually, jointly and severally, the

sum of $100,000.00, with interest at the rate of 4.75% per annum from September 10, 2014, for which let

execution issue.

    It is further ordered and adjudged that the Defendants shall complete under oath Form 1.977(a)

(Fact Information Sheet), including all attachments, and serve said Fact Information Sheets on the

Plaintiff's counsel within 45 days from the date of this Deficiency Judgment, unless the Deficiency

Judgment is satisfied or post-judgment discovery has been stayed.

    Jurisdiction of this case is retained to enter further orders that are proper to compel the



EXHIBIT 8

OR BK: 4712 PG: 866

Defendants to complete Form 1.977(a), including all attachments, and serve those completed forms on the Plaintiff's counsel and for determination of attorney's fees related to this Motion.

The Court shall retain jurisdiction over the Defendants, BALDWIN PARK TALLAHASSEE, LLC, STEVEN LEONI and PETER S. ROSEN, for issues relating to post-judgment discovery and execution.

DONE AND ORDERED in Chambers in Leon County, Florida, this _10_ day of September, 2014.

_____
Honorable George S. Reynolds

Copies to:
    Eric A. Krebs, Esq.
    McCalla Raymer
    P.O. Box 15758
    Panama City, FL 32405
    eak@McCallaRaymer.com
    jkb@McCallaRaymer.com

    H.B. Stivers, Esq.
    245 E. Virginia Street
    Tallahassee, FL 32301
    hb@levinestiveslaw.com
    Rhonda@levinestiveslaw.com

    BALDWIN PARK TALLAHASSEE, LLC
    2020 West Pensacola Street, Suite 300
    Tallahassee, Florida 32304

    STEVEN LEONI
    3951 W. Millers Bridge Road
    Tallahassee, Florida

    PETER S. ROSEN
    929 N. Monroe Street
    Tallahassee, Florida

    HANCOCK BANK
    8195 Point Meadows Way
    Jacksonville, Florida 32256



UNOFFICIAL DOCUMENT
UNOFFICIAL DOCUMENT
CLERK OF THE CIRCUIT COURT & COMPTROLLER
LEON COUNTY
GWEN MARSHALL

OR BK: 4712 PG: 867

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT OF FLORIDA IN AND FOR LEON COUNTY

HANCOCK BANK, a Mississippi banking corporation,
as assignee of the Federal Deposit Insurance Corporation,
as Receiver for Peoples First Community Bank, a Florida
banking corporation,

       Plaintiff,

v.                                       CASE NO.: 2011CA3421

BALDWIN PARK TALLAHASSEE, LLC, a Florida
limited liability company; STEVEN LEONI, an
individual; PETER S. ROSEN, an individual;
KIMBERLY WILLIAM MORROW, an individual;
KELLY FERGUSON, an individual; and NATASHA
REID, an individual,

       Defendants.

_____/

**FACT INFORMATION SHEET**
(for Corporation of Other Business Entity)

**NOTE: PLEASE ADD ADDITIONAL SHEETS TO THIS FORM IF ADDITIONAL SPACE IS NEEDED
TO ANSWER A QUESTION THAN IS PROVIDED.**

Name of entity: _____

Name and title of person filling out this form: _____

Telephone number: _____

Place of business: _____

Mailing address (if different): _____

Gross/taxable income reported for federal income tax purposes last three years:

$ _____ /$ _____ $ _____ /$ _____ $ _____ /$ _____

Taxpayer identification number: _____

Is this entity an S corporation for federal income tax purposes? _____ Yes _____ No

Average number of employees per month _____

Name of each shareholder, member, or partner owning 5% or more of the entity's common stock, preferred stock, or
other equity interest:

_____

_____

_____



OR BK: 4712 PG: 868

Names of officers, directors, members, or partners:_____

_____

Checking account at: _____ Account # _____

Savings account at: _____ Account # _____

Does the entity own any vehicles? ___ Yes ___ No

For each vehicle please state:

Year/Make/Model: _____ Color: _____

Vehicle ID No: _____

Tag No:_____

Mileage: _____

Names on Title: _____ Present Value: $ _____

Loan Owed to: _____

Balance on Loan: $ _____

Monthly Payment: $ _____

Does the entity own any real property? ___ Yes ___ No

If yes, please state the address(es): _____

Please check if the entity owns the following, and if so, the description and location of the property including, VIN or Account numbers:

___ Boat _____

___ Camper _____

___ Stocks/bonds _____

___ Other real property _____

___ Other personal property _____

Please attach copies of the following:

1. Copies of state and federal income tax returns for the past 3 years.

2. All bank, savings and loan, and other account books and statements for accounts in institutions in which the entity had any legal or equitable interest for the past 3 years.



OR BK: 4712 PG: 869

3. All canceled checks for the 12 months immediately preceding the service date of this Fact Information Sheet for accounts in which the entity held any legal or equitable interest.

4. All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date this lawsuit was filed.

5. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the entity within the 12 months immediately preceding the date this lawsuit was filed.

6. Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by the entity alone or with others.

7. Financial statements as to the entity's assets, liabilities, and owner's equity prepared within the 12 months immediately preceding the service date of this Fact Information Sheet.

8. Minutes of all meetings of the entity's members, partners, shareholders, or board of directors held within 2 years of the service date of this Fact Information Sheet.

9. Resolutions of the entity's members, partners, shareholders, or board of directors passed within 2 years of the service date of this Fact Information Sheet.

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____
Judgment Debtor's Designated Representative

Title: _____

STATE OF FLORIDA

COUNTY OF _____

Sworn to (or affirmed) and subscribed before me this ____ day of _____, 2014, by

_____, the Judgment Debtor's _____ (title).

Notary Public State of Florida
My Commission expires: _____
Personally known ____ OR Produced identification _____

Type of identification produced _____

YOU MUST MAIL OR DELIVER THIS COMPLETED FORM, WITH ALL ATTACHMENTS, TO THE PLAINTIFF JUDGMENT CREDITOR OR THE PLAINTIFF'S JUDGMENT CREDITOR'S ATTORNEY, BUT DO NOT FILE THIS FORM WITH THE CLERK OF THE COURT.

McCalla Raymer, LLC
c/o Denise H. Rowan or Eric A. Krebs
P.O. Box 15758
Panama City, Florida 32406



OR BK: 4712 PG: 870

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT OF FLORIDA IN AND FOR LEON COUNTY**

HANCOCK BANK, a Mississippi banking corporation,
as assignee of the Federal Deposit Insurance Corporation,
as Receiver for Peoples First Community Bank, a Florida
banking corporation,

        Plaintiff,

v.                                   CASE NO.: 2011CA3421

BALDWIN PARK TALLAHASSEE, LLC, a Florida
limited liability company; STEVEN LEONI, an
individual; PETER S. ROSEN, an individual;
KIMBERLY WILLIAM MORROW, an individual;
KELLY FERGUSON, an individual; and NATASHA
REID, an individual,

        Defendants.

_____/

**FACT INFORMATION SHEET**

Full Legal Name: _____

Nicknames or Aliases: _____

Residence Address: _____

Mailing Address (if different):
_____

Telephone Numbers: (Home) _____ (Business)
_____

Name of Employer: _____

Address of Employer: _____

Position or Job Description: _____

Rate of Pay: $_____ per _____. Average Paycheck: $_____ per
_____

Average Commissions or Bonuses: $_____ per _____. Commissions or bonuses are based on
_____

Other Personal Income: $_____ from
_____

(Explain details on the back of this sheet or on an additional sheet if necessary.)

Social Security Number: _____ Birthdate:
_____

Driver's License Number: _____

Marital Status: _____ Spouse's Name:
_____

_____

*Spouse Related Portion*



OR BK: 4712 PG: 871

Spouse's Address (if different):
_____

Spouse's Social Security Number: _____ Birthdate:
_____

Spouse's Employer: _____

Spouse's Average Paycheck or Income: $_____ per
_____

Other Family Income: $_____ per _____ (Explain details on back of this sheet or on an additional sheet if necessary.)

Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.

_____

Names and Ages of All Your Children (and addresses if not living with you):
_____

Child Support or Alimony Paid: $_____ per
_____

Names of Others You Live With:
_____

Who is Head of Your Household? ____ You ____ Spouse ____ Other Person

Checking Account at: _____ Account
#_____

Savings Account at: _____ Account
#_____

For Real Estate (land) You Own or Are Buying:

Address: _____

All Names on Title: _____

Mortgage Owed to: _____

Balance Owed: _____

Monthly Payment: $_____

(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or on an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)

For All Motor Vehicles You Own or Are Buying:

Year/Make/Model: _____ Color:
_____

Vehicle ID No: _____ Tag No: _____ Mileage:
_____

Names on Title: _____ Present Value:
$_____



OR BK: 4712 PG: 872

Loan Owed to: _____

Balance on Loan: $_____

Monthly Payment: $_____

(List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or on an additional sheet if necessary.)

Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year? If your answer is "yes," describe the property, market value, and sale price, and give the name and address of the person who received the property.

Does anyone owe you money? Amount Owed:

$_____

Name and Address of Person Owing Money:

_____

Reason money is owed: _____

Please attach copies of the following:

a. Your last pay stub.

b. Your last 3 statements for each bank, savings, credit union, or other financial account.

c. Your motor vehicle registrations and titles.

d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.

e. Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years.

f. Your last 2 income tax returns filed.

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____
PETER S. ROSEN

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2014, by PETER S. ROSEN, who is personally known to me or has produced _____ as identification and who ___ did/did not ___ take an oath.

WITNESS my hand and official seal, this ___ day of _____, 2014.

_____
Notary Public/State of Florida

My Commission expires: _____

UNOFFICIAL DOCUMENT
CLERK OF THE CIRCUIT COURT & COMPTROLLER
LEON COUNTY
GWEN MARSHALL
UNOFFICIAL DOCUMENT

OR BK: 4712 PG: 873

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT OF FLORIDA IN AND FOR LEON COUNTY

HANCOCK BANK, a Mississippi banking corporation,
as assignee of the Federal Deposit Insurance Corporation,
as Receiver for Peoples First Community Bank, a Florida
banking corporation,

Plaintiff,

v.                                                    CASE NO.: 2011CA3421

BALDWIN PARK TALLAHASSEE, LLC, a Florida
limited liability company; STEVEN LEONI, an
individual; PETER S. ROSEN, an individual;
KIMBERLY WILLIAM MORROW, an individual;
KELLY FERGUSON, an individual; and NATASHA
REID, an individual,

Defendants.

_____/

## FACT INFORMATION SHEET

Full Legal Name: _____

Nicknames or Aliases: _____

Residence Address: _____

Mailing Address (if different):

_____

Telephone Numbers: (Home) _____ (Business)

_____

Name of Employer: _____

Address of Employer: _____

Position or Job Description: _____

Rate of Pay: $_____ per _____. Average Paycheck: $_____ per

_____

Average Commissions or Bonuses: $_____ per _____. Commissions or bonuses are based on

_____

Other Personal Income: $_____ from

_____

(Explain details on the back of this sheet or on an additional sheet if necessary.)

Social Security Number: _____ Birthdate:

_____

Driver's License Number: _____

Marital Status: _____ Spouse's Name: _____

_____

_____

*Spouse Related Portion*



OR BK: 4712 PG: 874

Spouse's Address (if different): _____

Spouse's Social Security Number: _____ Birthdate: _____

Spouse's Employer: _____

Spouse's Average Paycheck or Income: $_____ per

Other Family Income: $_____ per _____ (Explain details on back of this sheet or on an additional sheet if necessary.)

Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.

Names and Ages of All Your Children (and addresses if not living with you): _____

Child Support or Alimony Paid: $_____ per

Names of Others You Live With: _____

Who is Head of Your Household? ____ You ____ Spouse ____ Other Person

Checking Account at: _____ Account #_____

Savings Account at: _____ Account #_____

For Real Estate (land) You Own or Are Buying:
Address: _____
All Names on Title: _____
Mortgage Owed to: _____
Balance Owed: _____
Monthly Payment: $_____
(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or on an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)

For All Motor Vehicles You Own or Are Buying:
Year/Make/Model: _____ Color:

Vehicle ID No: _____ Tag No: _____ Mileage: _____

Names on Title: _____ Present Value:
$_____



UNOFFICIAL DOCUMENT
UNOFFICIAL DOCUMENT

OR BK: 4712 PG: 875

Loan Owed to: _____

Balance on Loan: $_____

Monthly Payment: $_____

(List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or on an additional sheet if necessary.)

Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year? If your answer is "yes," describe the property, market value, and sale price, and give the name and address of the person who received the property.

Does anyone owe you money? Amount Owed:

$_____

Name and Address of Person Owing Money:

_____

Reason money is owed: _____

Please attach copies of the following:

   a. Your last pay stub.

   b. Your last 3 statements for each bank, savings, credit union, or other financial account.

   c. Your motor vehicle registrations and titles.

   d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.

   e. Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years.

   f. Your last 2 income tax returns filed.

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____

STEVEN LEONI

STATE OF FLORIDA

COUNTY OF _____

The foregoing instrument was acknowledged before me this ____ day of _____, 2014, by STEVEN LEONI, who is personally known to me or has produced _____ as identification and who ___ did/did not ___ take an oath.

WITNESS my hand and official seal, this ___ day of _____, 2014.

_____

Notary Public/State of Florida

My Commission expires: _____

A Certified Copy
Attest:
**Bob Inzer**
Clerk Circuit Court
Leon County, Florida

By_____
D.C.   9-30-2014

20130071190 ELECTRONICALLY RECORDED IN THE PUBLIC RECORDS OF LEON COUNTY, FL
BK: 4552 PG: 1144  07/17/2013 at 08:56 AM  BOB INZER, CLERK OF COURTS

### IN THE CIRCUIT COURT IN AND FOR LEON COUNTY, FLORIDA

**CENTENNIAL BANK, successor in
interest to Wakulla Bank,**

    **Plaintiff,**

vs.                     **CASE NO. 2012- CA 000955**

**MIKE PAGOZALSKI a/k/a MICHAEL PAGOZALSKI;
DUSTIN CALDWELL;
PETER S. ROSEN;
MICHAEL CURETON d/b/a CURETON PLUMBING, INC.;
SOUTHWOOD RESIDENTIAL COMMUNITY ASSOCIATION, INC.;
RO-MAC LUMBER & SUPPLY OF TALLAHASSEE, INC.;
ACIC PROPERTIES, INC.;
FIRST CAPITAL BANK;
REGIONS BANK;
RREF RB ACQUISITIONS FL, LLC;
UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE;
CITY OF TALLAHASSEE, a Florida municipal corporation;
SFR VENTURE 2011-1 REO, LLC, a Delaware limited liability company; and
FRED SMITH LAND, LLC,**

    **Defendants.**

---

### FINAL JUDGMENT OF DEFICIENCY

THIS CAUSE came before the Court on the Plaintiff's Motion for Entry of Deficiency Judgment, and the Court, having reviewed the file, motion and evidence filed and presented in support of the motion, having heard argument of counsel and otherwise being fully advised in all relevant matters, the Court finds as follows:

1.    This Court entered a Final Judgment of Foreclosure Under Count II of Plaintiff's Verified Complaint and Partial Summary Judgment as to Liability Under Count I of Plaintiff's Verified Complaint ("Final Judgment") in this case on December 12, 2012 and, as of that date, Plaintiff was owed a total of $650,156.42.

2.    The date of the foreclosure sale in this matter was January 15, 2013 and there were 34 days between the date the Final Judgment was entered and the date of the sale.

3.    The $650,156.42 final judgment amount, at the statutory rate of 4.75% interest, generates a per diem rate of $84.61, and over 34 days results in an additional $2,876.74 in interest for a total amount owed to Plaintiff as of the date of the foreclosure sale of $653,033.16.

{CENTBK/101350/A1358636.DOC }



EXHIBIT 9

OR BK: 4552 PG: 1145

4. Additionally, Plaintiff incurred costs as of the date of the foreclosure sale in the amount of $30,940.43 in prosecuting this deficiency action.

5. The evidence presented to this court establishes that the fair market value of the subject property on the date of the foreclosure sale was $308,000.00.

6. The calculation between the amount owed to Plaintiff, including post-judgment interest, as of the date of the foreclosure sale and the fair market value of the subject property as of that same date results in a principal deficiency of $375,973.59. As such, Plaintiff is due $375,973.59, which shall accrue interest at the rate of 4.75% from January 15, 2013 per annum until paid.

It is, therefore ORDERED and ADJUDGED that

7. Plaintiff, Centennial Bank, 635 East Baldwin Street, Panama City, FL 32401 shall have a final money judgment of deficiency against Defendants, Michael Pagozalski a/k/a Mike Pagozalski, Dustin Caldwell and Peter S. Rosen, jointly and severally, for damages in the amount of $375,973.59, which shall accrue interest at the rate of 4.75% from January 15, 2013 per annum until satisfied, FOR ALL OF WHICH LET EXECUTION ISSUE.

8. It is further ordered and adjudged that Defendants, Michael Pagozalski a/k/a Mike Pagozalski, Dustin Caldwell and Peter S. Rosen shall each complete under oath Florida Civil Rule of Procedure Form 1.977(b), including all required attachments, and serve it on Plaintiff's attorney within forty-five (45) days of the date of this final judgment unless the final judgment is satisfied or post-judgment discovery is stayed.

9. Jurisdiction of this case is retained as to the amount of the award of Plaintiff's attorneys' fees and costs in this action and to enter further orders as are just and proper, including but not limited to compelling Defendants to complete the required Fact Information Sheet (Forms 1.977), including all required attachments, and serve it on Plaintiff's counsel at Post Office Box 13010, Pensacola, FL 32591-3010.

DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida this 12 day of May 2013. July

HONORABLE JOHN C. COOPER
CIRCUIT COURT JUDGE

{CENTBK/101350/A1358636.DOC }

Copies Mailed By
SB on 7-15-13

OR BK: 4552 PG: 1146

Conformed Copies to:

Megan F. Fry, Esquire
125 W. Romana Street
Suite 800
Pensacola, FL 32502

Elizabeth B. Padgett, Esq.
Johnson & Freedman, LLC
1587 Northeast Expressway
Atlanta, GA 30329

Ann Johnson Wild, Esq.
Assistant City Attorney
City of Tallahassee
300 South Adams, Box A-5
Tallahassee, FL 32301

Jerry L. Rumph, Jr., Esq.
Hayward & Grant, P.A.
2121-G Killamey Way
Tallahassee, FL 32309

First Capital Bank
c/o Kathy Leibold, CEO and RA
4701 Hwy 90,
Marianna, FL 32446

Michael Cureton d/b/a Cureton Plumbing, Inc
c/o Michael L. Cureton, President
2717 West Tharpe Street
Tallahassee, FL 32303

Peter S. Rosen
833 W. Gaines Street
Tallahassee, FL 32302

Regions Bank
c/o Eric V. Helmers, Esq.
1900 5th Avenue N
AmSouth Center, 21st Floor
Birmingham, AL 35203

Paul Alan Sprowls, Esq
Assistant United States Attorney
111 North Adams Street, 4th Floor
Tallahassee, FL 32301

David Switalski, Esq.
1018 Thomasville Road
Suite 111-A
Tallahassee, FL 32303

RRFB RB Acquisitions FL, LLC
c/o CT Corporation System, RA
1200 S Pine Island Road
Plantation, FL 33324

Dustin Caldwell
398 Terrace Street
Tallahassee, FL 32308

Southwood Residential Community
Association, Inc.
c/o The St. Joe Company, RA
133 S. Watersound Parkway
Watersound, FL 32413

Ro-Mac Lumber & Supply
of Tallahassee, Inc.
c/o Robert Robuck, President
1811 Woodgate Way
Tallahassee, FL 32308

{CENTBK/101350/A1358636.DOC }

STATE OF FLORIDA, COUNTY OF LEON

I HEREBY CERTIFY that the above and foregoing
is a true and correct copy of an instrument recorded
in the official records of Leon County, Florida
WITNESS my hand and seal of office this ___ day
of _____, 20___

BOB INZER
Clerk of County Court

By _____ D.C.

A Certified Copy
Attest:
**Bob Inzer**
Clerk Circuit Court
Leon County, Florida

_____ D.C.
12/6/13

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN
AND FOR LEON COUNTY, FLORIDA

**FANNIE MAE**, a corporation organized
and existing under the Federal National
Mortgage Association Charter Act,
12 U.S.C. § 1716, et seq., as amended,

      Plaintiff,

v.

**ROLLING HILLS APARTMENTS, LLC.**,
a Florida limited liability company,
**STEVEN LEONI**, and
**PETER ROSEN**,

      Defendants.

_____/

CASE NO. 10-CA-1868

FILED

DEC -6 P 1:21

**DISPOSED**

### FINAL JUDGMENT

**THIS CAUSE** came before this Court by agreement of the parties. The Court having

considered the agreement of the parties, and being otherwise fully advised in the premises, it is

hereby **ORDERED AND ADJUDGED** that:

1.    Plaintiff, FANNIE MAE, c/o Carol King, 14221 Dallas Parkway, Suite 1000,

Dallas, TX 75254-2916, shall have and recover from the Defendants Rolling Hills Apartments,

LLC pursuant to Sections 9(b)(1), 9(b)(3) and 9(b)(4) of the Note, and from Steven Leoni and

Peter Rosen pursuant to the Acknowledgment, jointly and severally, the following amounts:

(a) $439,832.85, reflecting the amount for which Rolling Hills, LLC ("Rolling Hills") is

liable pursuant to Section 9(b)(4) of Note, for repayment of the portion of the

Indebtedness equal to any loss or damage suffered a result of "fraud or written material

representation by Borrower, Key Principal or any officer, director, partner, member or

employee of Borrower . . . [,]"



UNOFFICIAL DOCUMENT
UNOFFICIAL DOCUMENT
CLERK OF THE CIRCUIT COURT & COMPTROLLER
LEON COUNTY
GWEN MARSHALL

**EXHIBIT 10**

(b) $220,147.65, reflecting the amount for which Rolling Hills is liable pursuant to Section 3(a) of the Mortgage and Section 9(b)(1) of Note, which required Rolling Hills to "pay to Lender upon demand after an Event of Default, all Rents to which Lender is entitled under Section 3(a) of the Security Instrument and the amount of all security deposits collected by Borrower from tenants then in residence[,]";

(c) $15,019.50, reflecting the amount for which Rolling Hills is liable for failure to comply with Section 14 of the Mortgage and Section 9(b)(3) of the Note, which required Rolling Hills to deliver to Fannie Mae "upon written demand all books and records relating to the Mortgaged Property or its operation[,]"

totaling six hundred seventy five thousand and 0/100 dollars ($675,000.00), for which Defendants Steven Leoni and Peter Rosen are jointly and severally liable with Rolling Hills, as Key Principals pursuant to the Acknowledgement attached to the Note, which sum shall bear interest at the rate of four and three-quarters percent (4.75%) from the entry of this Judgment, and thereafter pursuant to Section 55.03(3) of the Florida Statutes, and for which sum let execution issue.

2. The parties shall bear their own respective attorneys' fees and costs.

3. It is further ordered and adjudged that judgment debtors, Rolling Hills Apartments, LLC, Steven Leoni, and Peter Rosen, shall each complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney within forty-five (45) days from the date of this Final Judgment, unless this Final Judgment is satisfied or post-judgment discovery is stayed.

4. Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtors to complete Form 1.977, including all required attachments, and serve it on the judgment creditor's attorney.

2



**DONE AND ORDERED** in Chambers in Leon County, Florida, this 6th day of

December, 2013.

_____

CHARLES FRANCIS
Circuit Judge

Copies furnished to:

| | |
|---|---|
| Kevin Reck, Esq.<br>Adam Losey, Esq.<br>Foley & Lardner, LLP<br>111 N. Orange Avenue<br>Suite 1800<br>Orlando, FL 32801 | Joseph Jones, Esq.<br>Russell Buchanan, Esq.<br>Broad and Cassel<br>215 South Monroe Street<br>Suite 400<br>Tallahassee, FL 32301 |

Signed _____ DEC - 6 2013
Original to Clerk _DEC - 6 2013
Copies sent _____ DEC - 6 2013

3



20160003556 ELECTRONICALLY RECORDED IN THE PUBLIC RECORDS OF LEON COUNTY, FL
BK: 4885 PG: 1956  01/19/2016 at 07:45 AM  BOB INZER, CLERK OF COURTS

Filing # 36613743 E-Filed 01/15/2016 10:59:07 AM

### IN CIRCUIT COURT IN AND FOR LEON COUNTY, FLORIDA

**FIRST AMERICAN TITLE INSURANCE
COMPANY, a California corporation,**

> **Plaintiff,**

**vs.**                                                   **CASE NO.: 2015-CA-002530**

**PETER S. ROSEN, individually,**

> **Defendant.**

_____/

### FINAL JUDGMENT AFTER DEFAULT

THIS ACTION came before the Court on Plaintiffs' Motion for Final Judgment After Default against defendant, and IT IS ADJUDGED THAT:

1.     The Court has jurisdiction over the matters alleged in the complaint and over the parties.

2.     Defendant was properly served with process via publication in *The Tallahassee Advertiser*.

3.     Defendant has failed to plead or otherwise defend as required by law, and a default by the Court is hereby entered against him pursuant to rule 1.500(b), Florida Rules of Civil Procedure.

4.     Having defaulted, defendant has admitted all the allegations of the plaintiff's complaint, including liability for the breach of the promissory note, and liquidated damages owed for the principal amount of $188,398.10, and the prejudgment interest in the amount of $70,649.28, for a total sum of **$259,047.38**.

5.     Plaintiff, First American Title Insurance Company, Attn:  Alan Rubin, 333 Earle Ovington Blvd., Uniondale, NY 11553, shall have a final money judgment against defendant,



EXHIBIT 11

OR BK: 4885 PG: 1957

PETER S. ROSEN for damages in the amount of **$259,047.38** which shall accrue interest at the

rate of 4.75 per annum from the date of entry of this Judgment until satisfied.

### FOR ALL OF WHICH LET EXECUTION ISSUE.

6.      Jurisdiction of this case is retained to enter further orders as are just and proper.

7.      It is further ordered and adjudged that defendant, PETER S. ROSEN, shall

completed under oath the Florida Civil Rule of Procedure Form 1.977(a), and serve it on plaintiff's

attorney within forty-five days of the date of this final judgment, and jurisdiction is further retained

to enter all orders proper and necessary for enforcement thereof.

DONE and ORDERED in Leon County, Florida, in Chambers, on this 15+h day of

January, 2016.

_____
Circuit Judge

Copies furnished to:

Michael C. Raybourn
105 West Fifth Avenue
Tallahassee, Florida 32303



STATE OF FLORIDA, COUNTY OF LEON

I HEREBY CERTIFY that the above and foregoing
is a true and correct copy of an instrument recorded
in the official records of Leon County, Florida.
WITNESS my hand and seal of office this 25 day
of Jan 20 16

BOB INZER
Clerk of County Court

20150086082 ELECTRONICALLY RECORDED IN THE PUBLIC RECORDS OF LEON COUNTY, FL
BK: 4869 PG: 1793  11/25/2015 at 01:06 PM  BOB INZER, CLERK OF COURTS

Filing # 34879154 E-Filed 11/25/2015 11:26:18 AM

## IN THE CIRCUIT COURT IN AND FOR LEON COUNTY, FLORIDA

**BRANCH BANKING AND TRUST COMPANY,**

      **Plaintiff,**

vs.                         **CASE NO.: 2014 CA 000639**

**ROSEN PHARES, LLC, PETER S. ROSEN, JOSHUA C. PHARES, ASTON RIDGE CONDOMINIUMS ASSOCIATION, INC., UNKNOWN TENANT IN POSSESSION OF 380 BRADFORD ROAD, UNKNOWN TENANT IN POSSESSION OF 382 BRADFORD ROAD, UNKNOWN TENANT IN POSSESSION OF 384 BRADFORD ROAD, and UNKNOWN TENANT IN POSSESSION OF 402 BRADFORD ROAD,**

      **Defendants.**

---

### FINAL JUDGMENT OF DEFICIENCY

THIS CAUSE came before the Court for a hearing on November 19, 2015 upon Plaintiff's Motion for Entry of Deficiency Judgment against Defendants, Rosen Phares, LLC, Peter S. Rosen and Joshua C. Phares. The Court having considered the pleadings, the testimony of the parties experts and having heard argument from Plaintiff's counsel and Pro Se Defendant, Joshua C. Phares, finds that Plaintiff is entitled to this Final Judgment of Deficiency, and thus, grants Plaintiff's motion. Accordingly, it is hereby:

**ORDERED AND ADJUDGED that:**

Branch Banking and Trust Company, whose address at the time of this judgment is 200 West Second Street, Winston-Salem NC 27101-4019, shall have a final money judgment against Defendants, Rosen Phares, LLC, Peter S. Rosen and Joshua C. Phares, jointly and severally, for deficiency damages in the amount of **$180,142.93**, that shall bear interest at the rate of four and



EXHIBIT 12

OR BK: 4869 PG: 1794

three-quarters percent (4.75%) per year, or as otherwise prescribed by Florida law, from the date

hereof until satisfied, **for all of which let execution issue**.

The EIN/SSN and last known addresses of the Defendants are as follows:

Rosen Phares, LLC, EIN ▮▮▮▮▮▮▮▮, 1252 Blountstown Hwy C, Tallahassee, Florida, 32304

Peter S. Rosen, SSN xxx-xx-▮▮▮▮ 3000 Granada St., #6, Fort Lauderdale, Florida, 33304

Joshua C. Phares, SSN xxx-xx-▮▮▮▮ 1542 Cristobal Drive, Tallahassee, Florida, 32303

**It is further ORDERED, ADJUDGED, and DECREED** that:

Defendants shall each complete, under oath, Florida Rule of Civil Procedure Form 1.977

(Fact Information Sheet), including all required attachments, and serve it on Plaintiff's attorney

at 4100 Legendary Drive, Suite 200, Destin, Florida 32541, within 45 days from the date of this

final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.

Jurisdiction of this case is retained to enter further orders that are proper to compel the

Defendant to complete Form 1.977, including all required attachments and to serve it on

Plaintiff's attorney.

DONE AND ORDERED in Tallahassee, Leon County, Florida, this 25th day of

November , 2015.

HONORABLE JAMES HANKINSON
Circuit Judge



2

OR BK: 4869 PG: 1795

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a conformed copy of the foregoing Final Judgment of Deficiency has been provided to the following parties this 25ᵀᴴ day of November, 2015:

H. Lee Strayhan, III
Clark, Partington, Hart, Larry, Bond &
Stackhouse
4100 Legendary Drive
Destin, Florida 32541

Rosen Phares, LLC
c/o Joshua C. Phares
Managing Member
1542 Cristobal Drive
Tallahassee, Florida 32303

Joshua Phares
1542 Cristobal Drive
Tallahassee, FL 32303

Peter Rosen
P.O. Box 15694
Tallahassee, FL 32317

By: _Beth Rininger_
Deputy Clerk / Judicial Assistant

3

STATE OF FLORIDA, COUNTY OF LEON

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of an instrument recorded in the official records of Leon County, Florida
WITNESS my hand and seal of office this 4 day of _Dec_ 20___



BOB INZER
Clerk of County Court

By _____

20170020785 RECORDED IN PUBLIC RECORDS  LEON COUNTY FL  BK: 5044  PG: 2177, 04/03/2017 at 11:... GWEN MARSHALL CLERK OF COURTS

Case 4:20-15240-WM-CN-11  CLERK OF COURTS  Page 71 of 75

20170018801 ELECTRONICALLY RECORDED IN THE PUBLIC RECORDS OF LEON COUNTY, FL BK: 5041 PG: 1822  03/24/2017 at 12:49 PM  GWEN MARSHALL, CLERK OF COURTS

Filing # 54100043 E-Filed 03/23/2017 09:16:05 AM

### IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
### IN AND FOR LEON COUNTY, FLORIDA
### CIVIL DIVISION

**SE PROPERTY HOLDINGS, LLC, an**
**Ohio limited liability company,**

    **Plaintiff,**

v.

                                            **CASE NO.:   2014 CA 001741**

**PETER S. ROSEN, individually, et al.,**

    **Defendants.**

_____/

### FINAL DEFICIENCY JUDGMENT FOR DAMAGES
### AGAINST DEFENDANT PETER S. ROSEN

    THIS MATTER having come before the Court initially on December 8, 2016, and again on February 9, 2017, on the Motion for Deficiency Judgment as to Count I for Foreclosure and Incorporated Memorandum of Law and Motion Reconsideration of Order Denying Request for Entry of Deficiency Judgment (collectively, the "Motions") filed by SE Property Holdings, LLC ("Plaintiff"), and having considered the Motions, reviewed the record, including the in-person testimony and affidavits of Plaintiff, and having heard the arguments of counsel for Plaintiff, and otherwise being fully advised in the premises, the Court makes the below findings of fact and conclusions of law:

    1.    On April 28, 2015, this Court entered an *In Rem* Final Judgment of Foreclosure ("Foreclosure Judgment") in which the Court determined that Defendant, Peter S. Rosen, owed to the Plaintiff the sum of $254,957.79.  In the Foreclosure Judgment, the Court reserved the right to enter further orders as are proper in a foreclosure proceeding involving real property, including, a deficiency judgment and an award for attorney's fees and costs.

A Certified Copy
Attest:
**Gwen Marshall**
Clerk & Comptroller
Leon County, Florida
By: _____
          Deputy Clerk



PD.21045822.1

EXHIBIT 13

OR BK: 5041 PG: 1823

2.      The judicial sale of the subject property took place as scheduled on June 8, 2015. The Clerk of the Court accepted Plaintiff's bid of $5,100.00, as the highest bid for the subject property.

3.      On June 19, 2015, the Clerk of the Court issued a Certificate of Title to the subject property in the name of Plaintiff.

4.      On March 23, 2016, Plaintiff filed its Motion for Deficiency Judgment as to Count I for Foreclosure and Incorporated Memorandum of Law.

5.      On August 17, 2016, Plaintiff caused the following documents to be served upon Defendant, Peter S. Rosen, pursuant to § 48.031(6)(a), *Florida Statutes* (2016), by leaving a copy of the documents with Mr. Alvery Smith, the manager in charge of the private mailbox of Defendant, Peter S. Rosen, located at 4605 Tutu Park Mall, Suite 133, Unit 335, St. Thomas, U.S. Virgin Islands 00802: a) the alias summons for Defendant, Peter S. Rosen; b) the verified complaint for foreclosure of mortgage and other relief; c) the notice of lis pendens; d) the motion for final summary judgment of foreclosure; e) the Foreclosure Judgement; f) the notice of sale; g) notice of filing proof of publication; h) the certificate of sale; i) certificate of title; j) Plaintiff's motion for deficiency judgment as to count I for foreclosure and incorporated memorandum of law; and k) affidavit of appraiser Wayne R. Chip Johnson, MAI, in support of Plaintiff's motion for deficiency judgment (collectively, the "Documents").

6.      Plaintiff has performed all conditions precedent to the maintenance of this action or same have occurred or been waived.

7.      Plaintiff established it served Defendant Peter S. Rosen with process of the Documents in compliance with §§ 48.031(6)(a), 48.21, and 49.011, *Florida Statutes* (2016), by filing with the Court the affidavits of service of process signed by certified licensed process



PD.21045822.1

- 2 -

OR BK: 5041 PG: 1824

server Lionel A. Connor, Sr., dated August 19, 2016, and February 23, 2017, respectively, and the affidavit signed by William J. Podolsky, III, counsel for Plaintiff dated February 24, 2017. *See Koster v. Sullivan*, 160 So.3d 385, 389 (Fla. 2015); *Coutts v. Sabadell United Bank, N.A.*, 199 So.3d 1099 (Fla. 3d DCA 2016); and *NCNB Nat. Bank of Fla. V. Pyramid Corp.*, 497 So.2d 1353 (Fla. 4th DCA 1986).

        8.     Under Florida law, a personal judgment should be entered against a defendant in the amount of the difference between the Foreclosure Judgment and the value of the mortgaged property at issue in the foreclosure. *See Empire Dev. Grp., LLC v. Liberty Bank*, 87 So.3d 51 (Fla. 2d DCA 2012); and *Flagship State Bank of Jacksonville v. Drew Equipment Co.*, 392 So.2d 609 (Fla. 5th DCA 1981). Indeed, in Florida, deficiency judgments are generally the "rule rather than the exception." *S/D Enterprises, Inc. v. Chase Manhattan Bank*, 374 So.2d 1121 (Fla. 3d DCA 1979). As another court explained this rule:

> [w]hen a mortgagee secures the outstanding principal indebtedness together with all interest and costs and the judicial foreclosure sale is insufficient to cover all such sums, the mortgagee is entitled to a deficiency judgment for the balance due.

*Federal Deposit Ins. Corp. v. Circle Bar Ranch, Inc.*, 450 So.2d 921 (Fla. 5th DCA 1984), citing *Flagship Bank of Orlando v. Bryan*, 384 So.2d 1323 (Fla. 5th DCA 1980); *Larsen v. Allocca*, 187 So.2d 903 (Fla. 3d DCA 1966) cert. denied, 195 So. 2d 566 (Fla. 1966). Thus, this Court should enter a monetary judgment against Defendant Peter S. Rosen in an amount equal to the difference between the Foreclosure Judgment and the value of the subject property at the time of the judicial sale that took place on June 8, 2015.

        9.     The Court finds that the Plaintiff has established the amount owed by Defendant Peter S. Rosen. The amount is itemized as follows:



PD.21045822.1

- 3 -

OR BK: 5041 PG: 1825

| | |
|---|---|
| Foreclosure Judgment: | $254,957.79 |
| Statutory interest (4.75% from 4/28/15-<br>6/8/15 - 45 days @ $33.1794/day): | $1,393.53 |
| Less credit (fair market value of<br>subject property as of 6/8/15): | $190,000.00[1] |
| Subtotal: | $66,351.32 |
| Statutory interest (4.75% from 6/8/15-<br>3/13/17 - 645 days @ $8.6348/day): | $5,569.45 |
| **Total:** | **$71,920.77** |

10.    There is no genuine issue of material fact that a deficiency exists between the amount of Plaintiff's Foreclosure Judgment and the value of the subject property as of the date of the judicial sale, which to date, Defendant Peter S. Rosen has not paid.

11.    Based upon the foregoing findings of fact and conclusions of law, Plaintiff is entitled to a Final Deficiency Judgment for Damages against Defendant, Peter S. Rosen.  It is, therefore,

**ORDERED** and **ADJUDGED** that:

A.    Plaintiff's Motion for Deficiency Judgment and Motion for Reconsideration of Order Denying Request for Entry of Deficiency Judgment are hereby GRANTED;

B.    Plaintiff recover from Defendant, Peter S. Rosen, an award of damages in the total amount of $71,920.77, that shall bear interest at the statutory rate of 4.97% per annum, for which sum let execution issue;

C.    The physical and mailing address of SE Property Holdings, LLC, is 140 East Town Street, Suite 1400, Columbus, Ohio 43215;

---

[1] Plaintiff's Motion for Deficiency Judgment as to Count 1 for Foreclosure and Incorporated Memorandum of Law, along with the testimony of Wayne R. "Chip" Johnson, MAI, principal of Cureton-Johnson & Associates, LLC, establish this amount to be the fair market value of the subject property as of the date of the judicial sale, and this Court accepts the $190,000.00 figure as such.

- 4 -

PD.21045822.1



OR BK: 5041  PG: 1826

D.    Plaintiff may assign this Final Deficiency Judgment for Damages without further order of this Court by filing an assignment of judgment of record in this action; and

E.    Jurisdiction of this action is retained to enter further orders that are proper, including Plaintiff's enforcement of this Final Deficiency Judgment for Damages against Defendant, Peter S. Rosen, and Plaintiff's entitlement to attorneys' fees and costs.

DONE AND ORDERED, in Chambers at Tallahassee, Leon County, Florida    this ___March 21___, 2017.

The Honorable Karen Gievers
Circuit Court Judge

Conformed Copies to:
William J. Podolsky, III, Esq. at josh.podolsky@phelps.com
Scott L. Terry, Esq. at scott.terry@phelps.com
Andrew J. Power, Esq. at andrewp@stslaw.com
Karen A. Reck, Esq. at kreck@foley.com
Edward W. Wood, Esq. at edwood@kingandwoodlaw.com and
    eservice@kingandwoodlaw.com
Megan Fry, Esq. at mfry@cphlaw.com, emarkla@cphlaw.com and
    cblackledge@cphlaw.com



PD.21045822.1

- 5 -