UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

PETER SAMUEL ROSEN,

    Debtor.
_____/

Case No. 20-15249-SMG

Chapter 11

**CREDITOR, BBX CAPITAL ASSET MANAGEMENT, LLC'S, LIMITED OBJECTION TO THE *DEBTOR-IN-POSSESSION'S APPLICATION FOR EMPLOYMENT OF VAN HORN LAW GROUP, P.A. AS COUNSEL EFFECTIVE JUNE 22, 2020 [ECF NO. 50]***

Creditor, BBX CAPITAL ASSET MANAGEMENT, LLC ("BBX Capital"), by and through undersigned counsel, hereby files this limited objection to the *Application for Employment of Van Horn Law Group, P.A. as Counsel Effective June 22, 2020 [ECF No. 50]*, filed by the Debtor, PETER SAMUEL ROSEN ("Debtor"). In support thereof, BBX Capital states as follows:

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. On May 13, 2020 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code [ECF No. 1] (the "Chapter 13 Petition"), which Petition has been assigned to this Court.[1]

2. On May 27, 2020, Debtor filed his *Motion to Convert Chapter 13 Case to Chapter 11 [ECF No. 13]* (the "Motion to Convert") following BBX Capital's *Motion to Dismiss the Bankruptcy Case due to the Ineligibility of Debtor [ECF No. 6]* (the "Motion to Dismiss").

3. On June 10, 2020, Debtor filed his initial schedules and statements [ECF No. 27], which schedules and statements have not been amended as of the filing of this Motion.

---

[1] The petition was subsequently amended with the Court's authorization. *See* ECF Nos. 40 and 43.

4. Pursuant to a hearing held on June 11, 2020 and for the reasons stated on the record, on June 22, 2020 this Court entered an *Order Denying the Motion to Dismiss [ECF No. 34]* and an *Order Granting the Motion to Convert [ECF No. 36]*, among others.

5. On June 29, 2020, the Debtor, filed his *Application for Employment of Van Horn Law Group, P.A. as Counsel Effective June 22, 2020 [ECF No. 50]* (the "Employment Application").

6. The Employment Application seeks this Court's approval for the employment and retention of "Chad Van Horn, Esq, the law firm of Van Horn Law Group, Inc.[2] and its regular associates as attorney(s) in this case." [ECF No. 50 at ¶ 3.]

7. Ms. Melissa Goolsarran Ramnauth is specifically identified and presented as a "regular associate" of the Van Horn Law Group. [ECF No. 50 at ¶ 7.]

8. Affidavits of Mr. Van Horn [ECF No. 50 at pp. 3-4] (the "Van Horn Affidavit") and Ms. Ramnauth [ECF No. 50 at pp. 5-6] (the "Ramnauth Affidavit" and collectively, the "Affidavits") are attached to the Employment Application in support thereof.

9. Additionally, the Employment Application includes the engagement agreement between Van Horn Law Group, P.A. ("Van Horn Law Group") and Debtor (the "Engagement Agreement"), which Engagement Agreement was dated and executed on May 27, 2020 [ECF No. 50 at pp. 7-9].

10. For the reasons stated herein, BBX Capital files the instant limited objection to the Employment Application.

---

[2] The body of the Employment Application consistently refers to Van Horn Law Group, **Inc.** rather than Van Horn Law Group, **P.A.** A search of the Sunbiz website using the terms "Van Horn Law" does not return a result for "Van Horn Law Group, Inc." and, therefore, this appears to be a scrivener's error.

## **LIMITED OBJECTION**

A. **The Disclosure of Compensation Required by Federal Rule of Bankruptcy Procedure 2016(b) Has Not Been Filed in this Case. Additionally, it is Unclear Whether the Retainer Fee Paid by the Debtor to the Van Horn Law Group was Paid Pre- or Post-Petition.**

11. Pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2016(b):

> "Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee … the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required."

*See also* 11 U.S.C. § 329(a).

12. As an initial matter, a review of the docket reveals that the disclosure of compensation, as required by Bankruptcy Code Section 329(a) and Bankruptcy Rule 2016(b), has not been filed in the instant Bankruptcy Case.[3]

13. Additionally, it is unclear based upon the documents that *have* been filed whether the retainer fee paid by the Debtor to Van Horn Law Group was paid before or after the Petition Date.

14. Indeed, on June 10, 2020, and while the Bankruptcy Case was still pending as a Chapter 13 case, Debtor filed his schedules and statements [ECF No. 27], including his Statement of Financial Affairs (the "SOFA").

---

[3] If such disclosure *has* been filed, it is not readily apparent.

15. The SOFA provides that a payment in the amount of $10,085.00 was made to Van Horn Law Group, P.A. (the "Van Horn Law Group") in April 2020. *See* ECF No. 27 at p. 39, question 16.

16. The Engagement Agreement, however, provides that, "[b]efore undertaking any work in connection with this engagement, [Van Horn Law Group] will require an initial retainer in the amount of **$10,085.00** plus a filing fee of **$932.00** for a total of **$11,017.00**, all of which must be paid prior to the filing of your bankruptcy case." *See* ECF No. 50 at p. 7 (Emphasis in original). In other words, it contemplates a retainer that, as of the execution of the Engagement Agreement, had not yet been paid.

17. Given that the Engagement Agreement was dated and executed after the Petition Date and requests the payment of an "initial retainer" for the filing of a case under Chapter 11, it is unclear whether this "initial retainer" is duplicative of, or in addition to, the April 2020 payment to Van Horn Law Group as identified in the SOFA. If the latter, then such payment would be a post-petition payment that was neither authorized nor disclosed as required by the Bankruptcy Code and the Bankruptcy Rules.

18. Debtor and his proposed counsel should be required to address this dichotomy, and should further be required to file the disclosure of compensation as required by Section 329(a) Bankruptcy Rule 2016(b) in a form substantially similar to Bankruptcy Form No. B-2030.

**B. Debtor Has Not Established that Ms. Ramnauth and MDGR Law, P.A. are, in Fact, "Regular Associates" of the Van Horn Law Group.**

19. Bankruptcy Rule 9001(10) provides that a "regular associate" means "any attorney regularly employed by, associated with, or counsel to an individual or firm.

20. First, while the Affidavits filed in support of the Employment Application appear, on their face, to be sufficient, in reality they simply contain vague, conclusory assertions that Ms.

Ramnauth and her firm, MDGR Law, P.A. ("MDGR Law"), are "regularly employed" by Van Horn Law Group, no further information has been provided in order for this Court or the parties to determine whether Ms. Ramnauth and MDGR Law are, *in fact*, "regularly employed." *See* ECF No. 50 at p. 3, ¶ 3 and p. 5, ¶ 3.

21. In *In re Wilkerson*, No. 14-00582, 2016 WL 3402457 (Bankr. D.D.C. June 13, 2016), the Bankruptcy Court for the District of Columbia held that, on the facts before it, the independent contractor attorney was not "regularly associated" with or "regular counsel" to debtor's counsel. *In re Wilkerson*, 2016 WL 3402457 at *4. Specifically, the *Wilkerson* Court found:

> "Weiner was *not* regularly associated with Fisher's law firm or regularly counsel to that firm. Her relationship with Fisher was sporadic (albeit fairly often, working on four or five cases with Fisher last year) and not on a regular basis … In any event, the 'of counsel' designation when used meant nothing more than that Weiner was assisting in such cases, not that she was *regularly* associated with or *regularly* associated with Fisher's firm. Weiner was thus not excepted from the requirement of § 329(a) based on being a 'regular associate' of Fisher."

*Id*.

22. Here, nothing has been offered to support the contention that Ms. Ramnauth and MDGR Law, P.A. are, in fact, "regularly employed" by Van Horn Law Group, rather than employed merely sporadically, even if fairly often.

23. To be sure, Ms. Ramnauth is the owner of MDGR Law, which maintains its own website, email address, phone number, and outward appearance separate and apart from Van Horn Law Group (though undersigned counsel notes that Ms. Ramnauth's Florida Bar profile indicates she is "of counsel" to Van Horn Law Group). *See* https://www.mdgrlaw.com; *see also* ECF No. 50 at p. 5, ¶ 2.

24. Proposed counsel for the Debtor should be required to establish facts to support the position that Ms. Ramnauth and MDGR Law are, in fact, "regularly employed".

25. Additionally, and to the extent that Ms. Ramnauth and MDGR Law are *not* "regularly employed" by Van Horn Law Group, Ms. Ramnauth and MDGR Law have not made the requisite disclosures under Bankruptcy Code Section 329(a) and Federal Rule of Bankruptcy Procedure 2016(b). *See In re Wilkerson*, 2016 WL 3402457 at *5 ("Although Weiner was receiving compensation (as a subcontractor) from Fisher, and not from the estate, § 329 and Rule 2016(b) are clear that an attorney representing a debtor in a case (as Weiner was) is required to disclose her agreement for compensation to be paid for representing the debtor 'whether or not such attorney applies for compensation.'").

## C. Additionally, it is Unclear Whether Ms. Ramnauth Might Ultimately Share in Any Fees that Might be Awarded in this Case.

26. Section 504 of the Bankruptcy Code is more narrow than Rule 9001(10), and provides that "[a] member, partner, or regular associate in a professional association, corporation, or partnership may share compensation or reimbursement received … with another member, partner, or regular associate **in such association, corporation, or partnership** …". 11 U.S.C. § 504(a)-(b) (Emphasis added).

27. "In order to be permitted to share fees, the attorneys must be within the same firm." *In re Kuykendall*, 501 B.R. 311, 320 (Bankr. S.D. Tex. 2013) (finding that "[a]lthough Crosland's agreement with TMLG describes Crosland as an "Associate Attorney," Crosland maintains an office separate from that of TMLG, and is a partner in a firm other than TMLG," therefore concluding that "Crosland is not a regular associate of TMLG"); *see also In re Ferguson*, 445 B.R. 744, 753 (Bankr. N.D.Tex. 2011) (recognizing that "courts have held that office sharing and a regular contract relationship, by themselves, will not suffice to fit within the

1855363v1 600595.0017

exception [of Section 504(b)(1)]."); *contra In re Worldwide Direct, Inc.*, 316 B.R. 637 (Bankr. D.Del. 2004) (finding temporary employees to be "regular associates" for purposes of Section 504(b)(1)).

28. The Affidavits filed in support of the Employment Application only generally state that Ms. Ramnauth's compensation is on a "reasonable hourly basis not in connection with any <u>retainer</u> paid by the Debtor." *See* ECF No. 50 at p. 3, ¶ 3 and p. 5, ¶ 4 (Emphasis added). The Affidavits are not clear, however, as to whether or not Ms. Ramnauth and MDGR Law will or will not share in the ultimate fee compensation.

29. Stated differently, the Employment Application does not identify whether (a) Ms. Ramnauth will be compensated by Van Horn Law Group regardless of the outcome of the instant Bankruptcy Case and regardless of any fee application that may or may not be filed or approved by this Court, or (b) whether Ms. Ramnauth's compensation will only be paid for the hours that she bills and that are ultimately approved by this Court pursuant to a fee application.

30. BBX Capital notes that, while the instant arguments as to fee sharing may be premature, BBX Capital nonetheless raises them at this early juncture in order to (1) eliminate the possibility that BBX Capital could be deemed to have waived same by *not* raising them at this time, and (2) highlight and forecast an issue which may arise in the future so that such issue may be remedied now. To the extent this Court declines to address or rule upon such arguments at time, BBX Capital expressly reserves the right to raise such objections or arguments at a later date as may be necessary and appropriate.

Dated this 16th day of July, 2020.        **TRIPP SCOTT, P.A.**
*Counsel for BBX Capital Asset Management, LLC*
110 Southeast Sixth Street
Fifteenth Floor
Fort Lauderdale, Florida 33301

1855363v1 600595.0017

        Telephone: (954) 525-7500
        Facsimile:  (954) 761-8475

By:   /s/ *Christina V. Paradowski*
      Christina V. Paradowski
      Florida Bar No. 0056708
      cvp@trippscott.com
      hbb@trippscott.com
      Jerry D. Tamayo
      Florida Bar No. 28532
      jdt@trippscott.com
      hbb@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2020, a copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest who are participating in the CM/ECF system.

By: *Christina V. Paradowski*
    CHRISTINA V. PARADOWSKI